KOGER et al. v. CLARK et al. (No. 6262.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 5, 1919. Rehearing Denied Dec. 10, 1919.)

1. BANKRUPTCY ⬅141, 293(2)—JURISDICTION TO SET ASIDE DEED TO LAND IN OTHER STATES.

The federal District Court of Kansas had jurisdiction in a bankruptcy proceeding over land in Texas belonging to the bankrupt, and could render a decree canceling a preferential deed executed within 4 months before the filing of the petition in bankruptcy.

2. BANKRUPTCY ⬅295 — STATE COURT MAY SET ASIDE TRANSFER IN FRAUD OF BANKRUPTCY ACT.

In cases of transfers of property by a bankrupt within 4 months before the filing of the petition in bankruptcy, any state court which would have jurisdiction if bankruptcy had not intervened can set aside the transfer.

3. ESTOPPEL ⬅69 — TESTIMONY IN BANKRUPTCY PROCEEDING.

Where wife of bankrupt admitted in bankruptcy proceeding under oath that certain land belonged to the estate of her husband, and swore that a deed to her was a mortgage, and not intended as a conveyance of title, and the federal court set aside the deed on said admission, and she accepted a compromise of her claim, and accepted money of the estate on the compromise, and other benefits, she is estopped from thereafter setting up any claim to the land on the ground that transfers made under order of the federal court were void.

4. TRUSTS ⬅103(3)—NOT CREATED BY MONEY FURNISHED HUSBAND.

Where wife did not place money in her husband's hands to buy land, but he had her money and invested it in land, the effect was a loan to him, and he owed her a debt, and she had no right, title, or interest in the land, only holding a lien on the same.

5. APPEAL AND ERROR ⬅1171(2)—DOCTRINE OF FUNDAMENTAL ERROR NOT APPLIED TO TRIVIAL MATTERS.

In an action involving thousands of dollars, an error in calculation amounting to $415 will not be considered on appeal, where complaint is made there for the first time, even though the doctrine of fundamental error is applied.

6. COSTS ⬅238(2) — MODIFICATION OF JUDGMENT ON GROUND NOT RAISED BELOW.

Where a judgment for $16,650 was too large by $415 by reason of error in calculation, the appellate court, though it reduces the judgment, will not relieve appellants of the payment of the costs in the appellate court, where such error in calculation was raised for the first time on appeal.

Appeal from District Court, San Patricio County; M. A. Childers, Judge.

Action by Bettie A. Koger and Stephen H. Koger against Fred A. Clark and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Dougherty & Dougherty, H. S. Bonham, and G. C. Robinson, all of Beeville, for appellants.

James G. Cook, of Sinton, and Samuel Feller, of Kansas City, Mo., for appellees.

FLY, C. J. This is an action of trespass to try title to 632.23 acres of land, being sec-

tion 33 out of the George H. Paul subdivision in the Coleman-Fulton Pasture Company's lands lying west of Taft, in San Patricio county, and incidentally to cancel a deed of trust held by R. W. Rogers as trustee on said land, instituted by Bettie A. Koger and Stephen H. Koger against Fred A. Clark, the Lee Live Stock Commission Company, and R. W. Rogers, trustee. It was alleged that Rogers was claiming a valid deed of trust on the land to secure the payment of five promissory notes, aggregating $16,650, given to the Lee Live Stock Commission Company. Appellees pleaded not guilty, general denial, and specially that the Commission Company claims, through R. W. Rogers, that it has a valid lien on the land sued for, given to secure the payment of five notes as alleged in the petition. Neither the petition nor answer in terms discloses who executed the notes and deed of trust in question, but it may be inferred from the answer that they were executed by B. F. W. Juhlin and Margaret Juhlin. It was further alleged in the answer that every issue sought to be raised by appellants in this case had been fully and finally adjudicated against them in the United States District Court of Kansas; that prior to December 17, 1913, Stephen H. Koger was the owner of the land described in appellants' petition; that on the date named Lee Live Stock Commission Company, which for brevity's sake will be denominated the "Company." filed a petition in bankruptcy against Stephen H. Koger in the District Court of the United States for Kansas, to adjudge him a bankrupt; that afterwards, on January 16, 1914, the said Stephen H. Koger filed a petition, with schedules of his assets and liabilities, in the same court, praying that he be adjudged a bankrupt; that on January 19, 1914, Stephen H. Koger was adjudged a bankrupt on both petitions; that Bettie A. Koger and the company were creditors of Stephen H. Koger; that Scott Hopkins was elected trustee. It was further alleged that on October 13, 1913, Stephen H. Koger, being insolvent and within 4 months before the filing of the petitions in bankruptcy, conveyed by deed to Bettie A. Koger the land in controversy; that on November 12, 1914, said Bettie A. Koger filed in the bankruptcy court proof of a claim against the estate for $12,815.04, claiming that it was secured by the conveyance aforesaid, dated October 13, 1913; that the claim was allowed, but not as a secured claim; and it was further adjudged that the conveyance aforesaid, while in the form of a deed, was in truth and fact a mortgage made while the bankrupt was insolvent and to prefer the claim of Bettie A. Koger, and that the latter knew of the insolvency of the maker of the instrument.

It was further alleged that the trustee brought a suit to set aside the conveyance, when Bettie A. Koger claimed in her answer that the property was her separate estate, held by her husband in trust for her, and that the deed was made to fulfill the trust; that the cause was heard and adjudicated against the said Bettie A. Koger and the conveyance declared null and void. It was also alleged that the trustee obtained an order authorizing him to settle and adjust all matters with Bettie A. Koger, specifying the terms of adjustment and settlement; that afterwards said Bettie A. Koger asked that the order be modified in certain respects for her convenience and benefit, and the request was granted; that the company was ordered to pay to the trustee a sum sufficient to pay all cash obligations, and should receive in full settlement of its claims notes aggregating $12,650, to be secured by a first lien on the real estate herein involved, the land being conveyed by the trustee to one B. F. W. Juhlin, who should execute the notes and deed of trust and should immediately convey the property to Fred A. Clark, who should hold it in trust for Bettie A. Koger, and that said Clark, as trustee, and said Bettie A. Koger, should assume payment of said indebtedness. It was further alleged:

"That the plaintiff Bettie A. Koger was a party to all of the proceedings set out and agreed to and acquiesced in said settlement and adjustment, and received and accepted the benefits thereof in full payment and settlement of all her claims and demands against said bankrupt and his estate, and which was the same money she now claims in this suit Stephen H. Koger invested for her as her separate estate in the real estate herein described. * * * That in compliance with said orders and judgments, and after having received the benefits therein provided for, said plaintiff Bettie A. Koger released all her claims against said Stephen H. Koger and his estate in bankruptcy."

The cause was tried without a jury, and judgment was rendered that appellants recover of the Lee Live Stock Commission Company, Fred A. Clark, and R. W. Rogers, trustee, the land in controversy, subject to the payment of certain promissory notes due the company, described in its answer, and a foreclosure of the lien claimed. It was further ordered that the company recover of B. F. W. Juhlin the sum of $13,830.65, and that its lien on the land be foreclosed. This appeal is prosecuted by Bettie A. Koger and Stephen H. Koger.

The following summary of the issues is presented by appellants:

"Appellants earnestly contend that the decree of the federal District Court, attempting to cancel the deed from S. H. Koger to Bettie A. Koger, attempting to divest title out of Bettie A. Koger and invest same in Scott Hopkins, trustee, was ineffectual and void; that Mrs. Bettie A. Koger is not estopped to assert title to said land; that defendants' said answer

showed no title ever to have been held by Juhlin, and said deed of trust was therefore void; that plaintiff's general demurrer to defendants' said answer in the court below should have been sustained; and that, on account of the error in overruling the same, this cause should now be reversed, and rendered for appellants.

"Appellants earnestly insist that the compromise order was void, and that it did not make any such disposition of the bankrupt's estate as is authorized by law, and further that, even if such compromise order is valid and binding, the deed of trust, its provision being at variance with the provisions of the compromise order, is void.

"Appellants still further insist that if, by virtue of the decree of the federal District Court, the title was divested out of Mrs. Bettie A. Koger, and invested in Scott Hopkins, trustee, the transfers of the Texas land by Scott Hopkins, trustee, to B. F. W. Juhlin, and by said Juhlin to Fred A. Clark, together with the execution of the deed of trust hereinabove mentioned, are void, for the reason that said transactions constituted an attempted sale of the Texas land, which was subject to approval by, and should have been, but was not, approved by, the court or the referee in bankruptcy, and that said attempted sale was therefore void.

"Appellants further show to the court that the judgment rendered is excessive to the amount of $415."

We adopt the conclusions of fact filed by the trial judge, which find that the substantial allegations of the answer as herein set out were sustained by the evidence. The correctness of the conclusions of fact is not assailed in any manner by appellants.

The evidence showed that the deed of conveyance made by Stephen H. Koger to his wife, Bettie A. Koger, was in fact a mortgage, and was given within four months of the time when bankruptcy proceedings were filed, for the purpose of giving said Bettie A. Koger a preference over other creditors. This matter was so found and adjudicated by the federal court of the state of Kansas, in the one administration of the estate of the bankrupt. Bettie A. Koger filed her claim in the bankrupt court, making no claim to the land, except that she had a lien on it to secure her debt, and her effort at that time was to obtain a preference lien on the land. Afterwards the claim to the title was set up, when it had been ascertained that her lien was void, and had been declared inoperative by the court.

The first, second, and fourth assignments of error are overruled. The answer set up a compromise and a release by Bettie A. Koger, and the facts estopped her as against any claim on her part to the land. No proposition is filed attacking the power and authority of Bettie A. Koger to make a compromise and give a quitclaim deed to the land. In the judgment of the federal court, to which Mrs. Koger agreed, it was provided, among other things, that she should receive the sum of $3,000, paid by Nannie A. Koger, and the money was paid to and accepted and appropriated by said Bettie A. Koger; that money belonged to the bankrupt estate, and, except through the compromise, Mrs. Koger had no right whatever to it, and yet she used it under the compromise, which she was active in procuring, for her own use and benefit. The answer showed, further, that both of the appellants swore in filed papers in the bankrupt court that the land in question was a part of the estate of the bankrupt, and that the deed given by the bankrupt to his wife was indeed and in truth a mortgage given to secure a debt due by the husband to the wife. It would be permitting the triumph of a palpable fraud over the claims of other creditors of the bankrupt and of a fraud upon the federal court for Mrs. Koger to ignore her agreements and set up title to the land on which she claimed to have a mortgage. The allegations were sufficient, as against a general demurrer, to show estoppel as against Bettie A. Koger.

[1, 2] The Supreme Court of the United States has held directly contrary to the contention of appellants that the federal District Court of Kansas had no jurisdiction over land in Texas, and that the decree rendered in the bankrupt cause, canceling the deed from the husband to the wife, and divesting it out of the wife and investing it in the trustee in bankruptcy, was null and void. Clearly, in cases of transfers of property by a bankrupt within 4 months before the filing of the petition in bankruptcy, any court in bankruptcy, or any state court which would have had jurisdiction if bankruptcy had not intervened, can set aside the transfer or conveyance of such property. Appellants have cited a number of cases, none of which have any applicability to bankrupt cases. The matter is clearly and definitely settled, according to the plain terms of the bankrupt law, against the contention of appellants, by the Supreme Court of the United States in the case of Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174. After fully discussing the provisions of section 70b of the Bankruptcy Act, Act July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. Stat. § 9654), the court concluded that the effect of the adjudication in bankruptcy was to transfer the title of the property of the bankrupt and vest it in the trustee, who is empowered to administer the same, under control of the court. Proceeding, the court said:

"No limitation on this general principle arises from the mere fact of the particular situation of the property, as the principle is general and embraces all the property of the bankrupt estate, wherever situated."

After citing the statute the court said:

"This provision makes it manifest that it was the purpose of Congress to give bankruptcy courts full and complete equitable power in matters of the administration and sale of the bankrupt estate, wholly irrespective of the mere situs of the property; the controlling factor being, not where the property is situated, but did it pass to the trustee, and is it a part of the estate, subject to administration under the direction of the court?"

The contention of appellants was sustained in the Robertson Case by the Supreme Court of Kansas, but the decision was reversed by the Supreme Court of the United States. The same ruling was made in U. S. Fid. & Guar. Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055.

[3] Mrs. Bettie A. Koger admitted, under oath, that the land belonged to the estate of her husband, and swore that the deed to her was a mortgage, and not intended as a conveyance of title, and the court in Kansas set aside the deed on her admission, and she accepted a compromise of her claim, and accepted $3,000 on that compromise, besides other benefits, and she is estopped from setting up any claim to the land. To allow her to recover for the land would be to put the stamp of approval upon a palpable fraud. No such immunity from the effects of fraud should be accorded even to a married woman. Ryan v. Maxey, 43 Tex. 192.

[4] If appellants swore to the truth when they filed papers in the federal court, and if Mrs. Koger answered truthfully in that court, she did not place any money in her husband's hands to buy any land, but he had her money and invested it in land. The money had been loaned to him by her and he owed her a debt. She had no right, title, or interest in the land, only holding a lien on the same. Blethen v. Bonner, 30 Tex. Civ. App. 585, 71 S. W. 290; Levy v. Williams, 20 Tex. Civ. App. 651, 49 S. W. 930, 50 S. W. 528.

The third assignment of error is without merit, and is overruled. The trial court corrected any mistakes made by the federal court, and sought to place appellants in the exact situation they had contracted for, and there is no merit in the complaint that the Texas court gave them that which they contend the federal court should have given.

[5, 6] No complaint was made in the trial court as to any mistake or error in the calculation of what was due on the notes held by the company, but for the first time it is claimed that such mistake was made, and action by this court is sought on the ground of fundamental error. If the judgment is excessive, it is in too small an amount to require any action by this court, even though the doctrine of fundamental error could be applied, to which theory this court does not commit itself. If the judgment had been re-duced in the amount claimed by appellants, it would not, under the circumstances, relieve appellants of the payment of the costs of this court.

The sixth and seventh assignments are overruled.

The judgment is affirmed.

