**LEWIS v. LEWIS.**

No. 13859.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 27, 1939.

Rehearing Denied Feb. 24, 1939.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellant only on motion for rehearing.

C. T. Gettys and M. W. Burch, both of Decatur, for appellee.

SPEER, Justice.

This suit was instituted on November 15, 1937, by Mrs. Pearl Lewis, against G. W. Lewis and his then wife, Amy Lewis, to cancel deeds and a portion of a judgment rendered by the District Court of Wise County, Texas, on February 17, 1930, styled Pearl Lewis v. G. W. Lewis.

The plaintiff and defendant, G. W. Lewis, will carry the same designation here as in the trial court; the defendant, Mrs. Amy Lewis, being only a nominal party, will require no further mention.

From plaintiff's petition it is made to appear that she and defendant were husband and wife for many years prior to February 17, 1930, at which time they were divorced; there were born to them seven children, six of whom were minors, the other being an adult but of feeble mind, and by the decree the custody of all children was awarded to her; that by the judgment rendered all community property was divided between the parties. Plaintiff received certain personal property and a house and lots in Decatur, worth $2,500, with an indebtedness against it of $2,000, and 225½ acres of farm lands in Wise County, worth much less than the $6,000 secured by a lien on the land, besides accumulated taxes against it. The defendant received certain personal property and 170 acres of land in Wichita County, Texas, valuable for farming purposes, and upon which were several producing oil wells, against which there was no incumbrance, except a claim for taxes by a Water Improvement District, which ·said claim was not valid and binding and was eventually canceled by the District. Defendant was to pay to plaintiff $20 per month for support of the children. Allegations were made that prior to said judgment and decree, in contemplation of final separation and divorce, the parties entered into a purported agreement that the property should be so divided, and on August 7, 1929, executed their respective deeds to each other, conveying the lands, and that the subsequent decree of the court was based upon said agreement and conveyances.

It was alleged that at the time of said agreement, conveyances and decree, and at all times prior thereto, and continuously until less than a year prior to the institution of the suit, plaintiff was ignorant of the values of said property and the indebtednesses against each, but that defendant had managed all of said transactions and knew the true conditions.thereof, and deceived plaintiff in each of said matters by false and fraudulent representations to her about the same; she believed and relied upon defendant's said representations and acted upon them. That at the times of said agreement and judgment, the Wichita land had several producing oil wells on it, and defendant was receiving regularly each month royalty payments therefrom, but represented to plaintiff that little or no royalties were being paid since the production was negligible; the lien holder foreclosed and sold the Wise County land within a few months after the conveyances and judgment were made and entered and she received nothing from the transaction. She further alleged that defendant paid the monthly installments for the support of the children for a year and quit. Her allegations of fraud practiced by defendant are detailed. Her lack of knowledge of the true facts, and her inability to know the truth and lack of negligence in learning that she had been deceived, prior to a few months before this suit was filed, are all pleaded fully and are sufficient as against the eighteen special exceptions urged by defendant and overruled by the court. She tendered into court all property received by her which she had on hand, and offered to do equity, and prayed for a cancellation of the deeds and judgment, by which the property had been divided, for a decree declaring the Decatur house and lots and the Wichita lands community property between them, that she recover her share of the use and benefits received by defendant for the lands in his possession, including its value for farming purposes and oil royalties and for moneys expended by her in support of the children.

Defendant answered with general denial and by special pleas of the validity of the agreed division of the property by the deeds and the decree of the court; denials of fraud and deceit upon his part, and that since plaintiff did not offer to return the farm lands in Wise County the court was without jurisdiction to balance equities between the parties, and a plea of limitation as against plaintiff's attack on the judgment of February 17, 1930, and for general and special relief.

The case was tried to a jury upon special issues determinative of the things set out in the pleadings. The verdict was in all things favorable to plaintiff and the court entered judgment upon said verdict, to the effect that the Decatur property was at that time more valuable than when received by plaintiff; that the farm in Wise County was worth less when she received . it than the incumbrances then against it, and there was no equity therein received by her. That at the time of the agreed division between the parties and the rendition of judgment thereon in February, 1930, the Wichita lands were worth $10,200. The court found the agreed partition, the conveyances and judgment

thereon were procured and induced by the frauds of defendant. There is a further finding by the court that the benefits received by defendant from the Wichita County lands were so much and the reasonable amount expended by plaintiff for the support of the children, over and above the amount contributed by defendant, was stated; there was a finding that the equities in personal property divided were equal. The deeds of conveyance and that part of the judgment of February 17, 1930, dividing the lands, were canceled and held for naught; the Decatur property and the Wichita lands were declared to be jointly owned by plaintiff and defendant and a money judgment entered in favor of plaintiff against defendant for $6,761.61. From this judgment defendant has appealed.

No briefs have been tendered or filed by defendant. Several days after time had expired for filing briefs, defendant filed his motion to postpone submission of the case, to enable him to prepare and file briefs. The motion was overruled by us, because no good cause was shown. Plaintiff resisted that motion and asked that the cause be affirmed on the record.

Because defendant has filed an instrument in this court calling our attention to what he terms fundamental errors in the record, we have thought it proper to make the foregoing full statement of the points in controversy. Defendant contends the trial court committed fundamental error in rendering judgment as he did and in not charging plaintiff with rentals for the use of the Decatur residence property, and further because the court divided the property that was still on hand and did not require an accounting of the Wise County lands received by plaintiff.

 We see no error in the court's findings pointed out by defendant, which could be considered as fundamental. The fact that no award was made concerning the use of the Decatur property is accounted for by the court in a finding that the property was at the time of the trial more valuable by "several hundred dollars" than at the time plaintiff received it. Whether this is because of improvements placed thereon by her out of separate funds, we are not at liberty to say. Such condition would amount to an accounting on her part for its use. We must presume that the facts before the court supported the judgment rendered. Article 2190, R.C.S. In this connection the court further found

that defendant had received a new automobile in part payment for bonuses for leases on the Wichita County lands, which item was not charged against him, but was considered along with the value of the Decatur property, and concluded, "but in balancing all possible equities it is considered that such charges may properly be and are eliminated thereby." It thus appears that such equities as the court considered the parties were entitled to were by him so adjusted.

Relating to an accounting by plaintiff for the Wise County farm lands, it is clear from the judgment the court did not ignore that item. The judgment recites concerning it this: "It appearing that the 225½ acres of land in Wise County has been taken out by foreclosure of the incumbrance existing against the same at the time of such former division, which incumbrance in the sum of $6,000.00 had been placed thereon by said G. W. Lewis, it is considered that no order need or can be made regarding same."

 Because of the suggestions made by defendant of fundamental error, we have carefully studied the whole transcript of over two hundred pages, to ascertain if any are shown. We find none, and it therefore becomes our duty to affirm the judgment of the trial court. See 3 Tex.Jur., p. 815, secs. 574 and 575; arts. 1846 and 1848, Vernon's Ann.Civ.St.; Rules for Courts of Civil Appeals No. 38; Hinckley-Tandy Leather Co. v. Hazlewood, Tex.Civ.App., 45 S.W.2d 1103; Harrell v. City of Denton, Tex.Civ.App., 116 S.W.2d 423; Graves v. Conn. Gen. Life Ins. Co., Tex.Civ.App., 104 S.W.2d 121.

The judgment of the trial court is affirmed as to all parties and the sureties on defendant's supersedeas appeal bond.

### On Motion for Rehearing.

Appellant, G. W. Lewis, to whom we referred in the original opinion as defendant, has filed a motion for rehearing, in which he vigorously insists that the record in this case presents fundamental error for which the cause should be reversed. In addition to those matters previously discussed by us, he now urges the following: (1) Because the record shows that subsequent to August 7, 1929, when he acquired the title to the Wichita County land, by deed from his wife, and since the date of judgment of February 17, 1930, the lands had been leased to George Lebus, for oil and gas,

and that the trial court could not properly award the fee title, one-half to each the plaintiff and defendant, irrespective of the rights of the lessee, who was not a party to the suit, he being a necessary party. (2) Because the judgment rendered was unfair, unreasonable and unconscionable. (3) Because there was no pleading upon which to base a verdict or judgment in favor of plaintiff for expenditures in support and maintenance of their minor children. And (4) because the judgment for maintenance of the children exceeded by $27 or $28 the total amount found in the jury's verdict.

■■■ We shall note the contentions of defendant in the order mentioned above. At the outset, it is proper to say that fundamental error is such as is apparent from the record. The record referred to consists of the pleadings, orders of the court, the verdict, the judgment and decrees in connection therewith. As a general rule all these matters are contained in the transcript filed. It does not include the statement of facts or exhibits sent up by order of the trial court. 3 Tex.Jur., pp. 816 and 817, sec. 574.

■■■ The record, to which we have referred, does not disclose the matters set out in defendant's first point, mentioned above. The transcript in this case contains over 200 pages, much of which was unnecessary, especially since the appeal has taken the turn shown. Plaintiff's petition is lengthy and seeks to enumerate the various properties and types of revenues received by defendant therefrom, in which plaintiff claimed an interest. She alleged that defendant had received oil and mineral royalties from parts of the land since it passed into his possession, and that he had negotiated and sold mineral leases on parts and had caused wells to be drilled thereon, which had produced large quantities of oil, "the details, particular facts and amounts of which are unknown to plaintiff; hence she cannot now state with more particularity," but that all said facts were within the knowledge of the defendant, and she asked that he be required to file with the court a complete list and inventory of all said facts, together with a statement of all leases made by him on such lands. It will be noted that plaintiff's allegations did not state that any leases defendant had made were then effective or that any other person was interested therein. The second amended petition of plaintiff, from which we have quoted, and to which we have referred, was filed on January 20, 1938. There appears an order of the court in the record, entered January 3, 1938, requiring defendant to file within ten days a complete list and inventory of all sums received by him from said lands since February 17, 1930 (the date of the judgment attacked by plaintiff), "including also a list of all oil and gas leases made by him since said February 17th, 1930." There is nothing in the record to indicate that such requirement was ever met by defendant. If any such leases as he now claims to exist were outstanding and effective, he knew it at that time, and if he complied with the order of the court in that respect, he did not have such report shown in the transcript. Defendant is the appellant here, and it was his duty to have a correct transcript prepared and filed in this court, and we must, for the purposes of this appeal, presume that it is correct. Ross v. McGowen, 58 Tex. 603; Missouri Pac. Railway Co. v. Scott, 78 Tex. 360, 14 S.W. 791; Eldora Oil Co. v. Thompson, Tex.Civ.App., 230 S. W. 738; Woodhead v. Good, Tex.Civ.App., 27 S.W.2d 374.

■■■ By his motion here, defendant tells us that it is disclosed by the "record" that George Lebus has an oil and gas lease on parts of the land in controversy. The record to which defendant refers is an exhibit which, no doubt, was in evidence upon the trial. The record of the evidence adduced appears in a statement of facts of 365 pages, besides a large number of original instruments sent up with the statement of facts, as exhibits. If we consider that particular exhibit, it would entail an examination of the voluminous statement of facts to ascertain all matters pertaining to it. This would doubtless lead to many other controverted questions, which cannot be considered by us when only fundamental errors should be passed upon. We know of no rule of law which enjoins that duty upon us. To do so would give to an appellant an advantage to which he is not entitled, resulting from his failure to brief his case on appeal, thereby depriving appellee of an opportunity to reply, and then have the whole record, including the evidence, considered on motion for rehearing. We do not consider that the record by which we are bound discloses that other persons than the parties here were necessary to the entering of the judgment that was rendered. Certainly if there are, by chance, any other person or persons who have an inter-

est in the land, such interests are not affected by the judgment to which they were not a party.

 By his second assigned fundamental error, defendant claims the judgment entered was unreasonable and unconscionable, in that, out of the $7,483.23 found by the jury to have been received by defendant from the lands in controversy, plaintiff was awarded $6,761.61, and he only $381.61. As reflected by the verdict and judgment before us, it appears that the jury found the rental value of the 170 acres for the eight years defendant had enjoyed it was worth $4,760, and that he had in that time received in oil royalties $2,723.23, aggregating $7,483.23. That since the land belonged to them jointly, one-half of that sum, or $3,741.61 of those receipts belonged to plaintiff. The judgment further found that during the period of time mentioned, defendant owed plaintiff, for support of the children, $3,360. That he had paid on that obligation $340, leaving a balance due and unpaid of $3,020. The last amount mentioned was taken from defendant's half of the total receipts and added to plaintiff's one-half, which aggregated the amount of $6,761.61, for which judgment was entered. By the calculation, as made, plaintiff had remaining $721.61, and in addition to that, he had discharged an indebtedness to his wife, which, when added, gave him an equal division of the proceeds from the land. The fact issues involved in the foregoing matters were submitted to and found by the jury, and under such conditions, we do not consider the judgment is so flagrantly unfair as to be unconscionable and present fundamental error for revision by us.

The next or third alleged fundamental error suggested in the motion is in effect that there are no pleadings upon which could be based a judgment in favor of plaintiff for maintenance and support of the children.

 The allegations of plaintiff on this point are not all that could be desired for the recovery of that item, but in the absence of a special exception thereto, based upon the grounds here urged, we consider them sufficient. They were good as against a general demurrer. The rule in such cases is that when a pleading is assailed by general demurrer, the contents of the pleading are conceded to be true, and the verity thus accorded extends to what, by fair implication, the pleader intended to allege, as well as to what is explicitly stated. 33 Tex.Jur., pp. 553, 555, sec. 120. Further, it is said the pleadings will be construed as favorable to the pleader as possible; the court will seek to discover the intendment of the pleader; that every fact will be supplied that may reasonably be inferred or that may be implied from what was stated in the pleading. 33 Tex.Jur., p. 631, sec. 178.

 As has been stated, this action was, among other things, to set aside a former property settlement between a husband and wife, and the judgment of court based thereon in a divorce proceeding. Among other allegations of fraud, the plaintiff plead that she was awarded the six minor children and an adult child of weak mind. That defendant agreed under the contract to contribute $20 per month to the support of the children; that he failed to keep his promise and that upon discovery of the other elements of fraud in the contract, she realized that the promise to pay so much per week for the support of the children was likewise a fraud upon her, and that he had no intention of performing it at the time, but was promised only to induce her to accept his proposed settlement and to procure a divorce from him, so that he could marry another and create a new family and establish a homestead on the land, all of which he proceeded to do. She further alleged that since the rendition of the judgment, she had had the responsibility of caring for, maintaining and educating all of said children and the care and support of the one of feeble mind, and that the reasonable amount necessary for said purposes, and the amount defendant should have contributed for said purposes was $75 per month during said period of time. A fair deduction from said allegations is that for the last eight years plaintiff had supported, maintained, cared for and educated said children, and that it was the duty of the father to have borne the expense thereof, but that he had failed to do so, except for the payment of $340, acknowledged in other parts of the pleading, and that the reasonable and necessary amount expended by her for those purposes was $75 per month. We think no violence is done to the pleadings of plaintiff when thus interpreted. For, as we have seen, we must seek to find out what a party intended to say by the language used; that all facts will be supplied that may reasonably be inferred by the things stated. Defendant does not contend that she would not have

the right to recover of defendant the amount expended by her for the purposes mentioned, if it appeared to be reasonable and necessary; but the contention is that she did not plead a right to so recover. We think the pleading sufficient, and must overrule the contention.

■ The final point raised is that the judgment is for $27 or $28 more than the amount found by the verdict. When we come to consider the amount of the judgment in this case and even that part in which it is claimed the error appears, we find that the verdict was rendered to the effect that $35 per month was a reasonable amount for the purposes claimed by plaintiff. A calculation of eight years at that sum and deducting the $340 shown to have been paid would leave defendant due $3,020, but it is claimed that only seven years, eleven months and six days had elapsed at the time of the judgment, and therefore between $27 and $28 too much was included in the judgment. In the circumstances of this appeal, we think the maxim Lex non curat de minimis would apply. The error is too small as compared to the amount in controversy to require us to take cognizance of it. Texas Building Co. v. Collins, Tex.Civ.App., 187 S.W. 404, error refused; Houston Chronicle Pub. Co. v. Lemmon, Tex.Civ.App., 193 S.W. 347; Koger v. Clark, Tex.Civ.App., 216 S.W. 434, writ dismissed.

We have carefully studied every phase of the case presented in this motion, and for the reasons stated, we believe we properly disposed of the appeal in our original opinion, and believe the motion for rehearing should be overruled, which is accordingly done.