Cecil MASSEY, Appellant,

v.

H. H. BRINDLEY et al., Appellees.

Nos. 11724, 11749.

Court of Civil Appeals of Texas.

Austin.

Oct. 10, 1956.

Rehearing Denied Oct. 31, 1956.

John J. Watts, W. R. Barnes, Odessa, for appellant.

Hart, Brown, Sparks & Erwin, Austin, Skelton, Bowmer & Courtney, Temple, for appellees.

Motion for Extension of Time
No. 11,724.

GRAY, Justice.

Appellant has filed his motion for an extension of time in which to file the record in this cause.

On May 28, 1956, the trial court rendered a summary judgment for appellees to which judgment appellant excepted and gave notice of appeal to this Court. The record was not filed in this Court within the sixty-day period from May 28, and on August 7, 1956, appellant filed his motion wherein he alleges:

"That immediately following the rendition of Judgment in this cause, that the Transcript was requested of the Clerk and thereafter, on June 4, 1956, the Clerk was advised of the matters to be included in the Transcript, and appellant's counsel believed that the Clerk, as is customary, would forward the original Transcript to the Court of Civil Appeals; that thereafter, appellant's counsel left on his vacation on July 18, 1956, and for the first time learned today by telegram from the Clerk of the Court of Civil Appeals that the original Transcript had been sent to this office and that same had arrived during his absence and that the secretaries in this office did not forward same to the Clerk for filing until August 3, 1956, even though they had received instructions that upon receipt of the duplicate Transcript, to send a cost deposit to the Court of Civil Appeals for filing, and appellant would show that the foregoing facts constitute good cause for failing to file this Transcript within the 60-day period provided by law and appellant would show that this motion has been filed prior to the expiration of the 75-day period provided by Rule 386, Rules of Civil Procedure of Texas, and plaintiff alleges that the foregoing facts constitute good cause for failing to file the Tran-

script in this cause sooner than same was actually filed herein."

The telegram from the Clerk of this Court to appellant's attorney and shown in the record before us is dated August 7, 1956.

In order to perfect an appeal from the above judgment Rule 386, Texas Rules of Civil Procedure, required that the transcript and statement of facts be filed in this Court within sixty days from May 28 unless such time is extended by a motion filed within fifteen days after the expiration of such sixty-day period showing good cause existing within the sixty-day period why such transcript and statement of facts could not be so filed.

The only question presented is: Does the motion show the existence of good cause for not filing the record within sixty days from May 28? The question has been decided adversely to appellant by our Supreme Court in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, 590. There the facts before the court were similar to the facts here and the court said:

"In the motion of respondent for leave to file the record out of time she made no attempt to show that it could not have been filed within the sixty-day period. To the contrary, the motion affirmatively discloses that it could have been filed within that period. Both the transcript and the statement of facts were in the hands of respondent's attorneys several days before the expiration of the sixty-day period, and the reason stated in the motion for not filing the same within the sixty-day period was that one of respondent's attorneys had understood that upon receipt of said record the secretary of his firm had delivered the same to the Railway Express Company to be delivered to the Clerk of the Court of Civil Appeals for filing within the sixty-day period. That cannot be held to have been a good cause why the

record could not have been filed within that period."

By a certificate of the district clerk it is shown that:

"* * * the transcript and copy was prepared by this office and mailed through the United States Mail to John J. Watts P. O. Box 1031, Odessa, Texas on the 16th day of July A.D. 1956."

It is not shown when the transcript was received in the office of appellant's attorney and it is neither alleged nor shown that it was not so received prior to the expiration of the sixty-day period but it is shown that it was mailed ten days prior to the sixtieth day after May 28.

At most appellant says: (1) that he believed the clerk of the trial court would forward the transcript to this Court for filing, and (2) that it was received in the office of his attorney but was not forwarded to this Court for filing until August 3—seven days after the time for filing it had expired.

There is no showing that good cause existed for not filing the transcript in this Court within sixty days from May 28 and appellant's motion for an extension of time in which to so file the same is overruled. Matlock v. Matlock, supra.

Motion overruled.

On Appellant's Motion for Rehearing, No. 11,749.

HUGHES, Justice.

■ Appellant says:

"This is not a case wherein, as in the Matlock case, appellant's counsel knew that the Transcript was in his office and simply claimed that he thought that one of his secretaries had mailed the Transcript, but this is a case wherein the attorney was relying upon the Clerk to perform his statutory duty of forwarding same directly to the Court of Civil Appeals after having been requested to have done so. Appellant's counsel does not have to anticipate the negligence of a duly elected official and appellant should not be charged with the failure of such an official to perform his duty in a proper manner since appellants were entitled to believe that the Clerk would send the Transcript directly to the Court of Civil Appeals after having been requested to do so as is the custom in all cases. To require appellant's counsel to anticipate that a Clerk would commit such an act of negligence would make it possible for duly elected officials in many cases to destroy justice and the just right of appeals."

Appellant cites no statute making it the duty of the Clerk to forward the transcript to the Court of Civil Appeals and we know of none.[1]

The form of transcript prepared by the Supreme Court under Rule 376–a provides, in part: "The Clerk shall deliver the transcript to the party, or his counsel, who has applied for it * * *." Vernon's Ann. Texas Rules of Civil Procedure, page 125, and Rule 386, id. provides that the appellant shall file the transcript with the Clerk of the Court of Civil Appeals.

■ If the clerk of the court below agreed or undertook to forward the transcript to this Court he did so in his unofficial capacity. The rule to be applied in such cases is found in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 1001, as follows:

"When respondent requested the district clerk to notify him when he should return to court to defend the

---

1. Art. 843, Vernon's Annotated Code of Criminal Procedure makes it the duty of the trial court clerk to forward the transcript to the Court of Criminal Appeals.

suit he was requesting the clerk to undertake something that the latter was in no sense required to do in his official capacity. So, as to that, the clerk became respondent's agent, and negligence of the clerk must be charged to respondent; it became his own negligence."

The motion is overruled.

Motion overruled.