**TEXACO, INC., Appellant,**

v.

**TEXAS AIR CONTROL BOARD, Appellee.**

No. 14865.

Court of Civil Appeals of Texas, Austin.

March 5, 1975.

Oliver J. Butler, Jr., Houston, for appellant.

John L. Hill, Atty. Gen., Bernard D. Newsom, Jr., Asst. Atty. Gen., Austin, for appellee.

PER CURIAM:

Texaco Inc., appellant, has filed with the Clerk of this Court a motion entitled, "Appellant's Motion for Further Extension of Time to File Transcript."

The chronology of events culminating in the filing of appellant's motion is as follows. On August 19, 1974, the district court of Travis County entered judgment affirming an order of the Texas Air Control Board. Thereafter, appellant filed its motion for new trial which was overruled by operation of law on October 13, 1974. The transcript and statement of facts were due to be filed by the appellant on December 12, 1974. On December 18, 1974, and within the time permitted by Texas Rules of Civil Pocedure, rule 386, appellant filed its motion for extension of time to file the transcript and statement of facts. The necessity for the extension of time was occasioned by the fact that the court reporter was unable to complete the transcription of her notes prior to December 12. This Court granted the motion for extension of time to file the transcript and statement of facts, requiring that such instruments be filed with the Clerk on or before February 3, 1975.

Appellant tendered the statement of facts for filing on January 23, 1975. On February 10, 1975, the Clerk of this Court received appellant's briefs for filing, and on the same day, called appellant's counsel by telephone to advise him that appellant had not filed a transcript. On February 12, 1975, appellant filed its motion for further extension of time to file the transcript.

In its motion appellant states, among other things, that it had received a bill of costs from the district clerk of Travis County dated December 6, 1974, for the preparation of the transcript. Appellant states further that, "Such transcript was

not transmitted to Counsel for Appellant with such Bill of Costs, based on which fact Counsel for Appellant *assumed* such Transcript had been transmitted by the District Clerk directly to the Clerk of this . . . Court for filing." (Emphasis added) Appellant's motion states that the telephone call from the Clerk of this Court was the first notice that it had that the transcript had not been filed. Appellant's motion further shows that the district clerk of Travis County completed the transcript on December 6, 1974.

There is no rule or statute providing that it is the duty of the district clerk to forward the transcript to the Clerk of the Court of Civil Appeals. Massey v. Brindley, 296 S.W.2d 296 (Tex.Civ.App. 1956, writ ref'd). To the contrary, that is the responsibility of the party who orders the transcript. City of Temple v. Thomas, 507 S.W.2d 858 (Tex.Civ.App.1974, writ ref'd n. r. e.). It was appellant's duty to file the transcript on or before February 3, 1975.

Appellant's motion is overruled.