**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Frank STUMBAUCH, Appellee.**

**Nos. 15074, 15076.**

Court of Civil Appeals of Texas, Austin.

Dec. 3, 1975.

John L. Hill, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., for appellant.

Earl L. Yeakel, III, Kammerman, Yeakel, Hineman & Trickey, Austin, for appellee.

## PER CURIAM.

Appellant, the Texas Alcoholic Beverage Commission, filed with the Clerk of this Court an original and an amended motion to extend the time for filing the transcript and statement of facts in the above case. We will overrule the motions.

The events culminating in the filing of appellant's motions are as follows. The judgment was entered on September 12, 1975. As a motion for new trial was not filed, the last day for filing the record in this Court was November 12, 1975.[1] Appellant filed with the district clerk of Bell County a written request for the preparation of the transcript on November 10, 1975. On November 12, 1975, appellant filed its original motion for extension of time to file the transcript with the Clerk of this Court.

Appellant tendered the transcript and statement of facts for filing with the Clerk of this Court on November 13, 1975.

Tex.R.Civ.P. 386 provides that by motion timely filed with the Clerk of the Court of Civil Appeals "good cause" may be shown why the transcript could not have been filed within the prescribed time.

Appellant filed its motion for extension of time within the time permitted by Rule 386. This Court is authorized to extend the time for filing the transcript upon a showing of "good cause" why the transcript could not have been filed within the sixty-day period.

In its original and amended motions for extension of time for filing the transcript appellant asserts as "good cause" for the late filing that its counsel had " . . . been tied up in several pressing matters, including the O. P. Carillo case in Corpus Christi and oral arguments before the Fifth Circuit Court of Appeals in New Orleans, *and has not had sufficient opportunity to obtain said transcript.*" (Emphasis added)

In its original motion filed on November 12, appellant also averred that its counsel had been advised by the district clerk that the transcript was placed in the mail on November 11, and that the transcript should be available for filing no later than November 14, 1975.

It is observed that neither the original nor the amended motion is verified, nor is either supported by documentary proof.

Appellant filed its written request for the preparation of the transcript fifty-nine days after the entry of the judgment. Such request was not made within a reasonable time after the entry of judgment, and had the clerk been unable to prepare the transcript within time, "good cause" would not have existed. *Wigley v. Taylor,* 393 S.W.2d 170 (Tex.1965), *Vaughan v. Commercial Insurance Company,* 476 S.W.2d 428

---

1. November 11, 1975, was the sixtieth day from the entry of judgment. November 11, however, was a legal holiday. As a result the last day for filing the record was November 12, 1975. Tex.R.Civ.P. 4.

(Tex.Civ.App.1972, no writ), *Save Our City Org. of San Antonio v. Texas Hwy. Com'n.*, 521 S.W.2d 895 (Tex.Civ.App.1975, writ ref'd n.r.e.).

Despite the tardy hour of the order for the transcript, the district clerk was able to prepare the transcript in advance of the last day for filing in this Court. The transcript shows that the district clerk executed the certificate of the transcript on November 11, 1975. The endorsement on the transcript shows that the transcript was " . . . delivered by Registered Mail to Attorney for Deft. on the 11 day of November A.D. 1975."

 It is the responsibility of the party who ordered the transcript, and not that of the district clerk, to see that the transcript is filed with the Clerk of the Court of Civil Appeals. *City of Temple v. Thomas*, 507 S.W.2d 858 (Tex.Civ.App.1974, writ ref'd n.r.e.), *Texaco Inc. v. Texas Air Control Board*, 520 S.W.2d 417 (Tex.Civ.App.1975, no writ), see *Lewis v. Lewis*, 125 S.W.2d 375 (Tex.Civ.App.1939, writ ref'd). The transcript was available on November 11. It was appellant's duty to obtain the transcript and file it with the Clerk of this Court by November 12. Belton, about fifty-nine miles from Austin, is within easy driving distance. Appellant's co-counsel, or one of his agents, could have secured the transcript and filed it with the Clerk of this Court on November 12. Instead, that appellant chose to risk the delays of the United States Mail.[2] Appellant by its motions has failed to show why the transcript could not have been filed within the sixty-day period specified in Tex.R.Civ.P. 386. *Matlock v. Matlock*, 151 Tex. 308, 249 S.W.2d 587 (1952), *Massey v. Brindley*, 296 S.W.2d 296 (Tex.Civ.App.1956, writ ref'd).

The motions for extensions of time are overruled.

Motions overruled.

2. Tex.R.Civ.P. 5 is not applicable. The transcript was mailed to appellant's counsel and not to the Clerk of this Court. Moreover, appellant did not attach to the motion the

envelope in which the transcript was mailed showing that it was " . . . deposited in the mail one day or more before the last day for filing same . . . ."