**Ross A. SEARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 16893.**

Court of Civil Appeals of Texas, Austin.

Aug. 26, 1980.

Rehearing Denied Aug. 26, 1980.

Ross A. Sears, pro se and Doherty, Vela, Poser, Sears & Collins, Houston, for appellant.

Mark White, Atty. Gen., Eva King Loutzenhiser, Asst. Atty. Gen., Austin, for appellee.

PER CURIAM.

Appellant, Ross A. Sears, filed a motion for extension of time to file his transcript in the above cause with the Clerk of this Court on July 18, 1980. This Court overruled that motion because of appellant's failure to demonstrate a reasonable explanation of the need therefor. Appellant has now filed a motion for rehearing in response to this Court's refusal to extend his filing time. This Court will overrule the motion.

From an adverse judgment entered in the 261st District Court of Travis County in the cause styled, *Ross A. Sears v. The State of Texas*, appellant gave notice of appeal. The transcript for said cause was due to be filed in this Court on or before July 7, 1980.

On June 13, 1980, the Travis County District Clerk wrote appellant advising him that the transcript was ready and inquiring whether he desired the district clerk to deliver the transcript. Appellant answered this inquiry by letter on June 17, 1980, instructing the district clerk to deliver the transcript to this Court.

Subsequently, on July 15, 1980, appellant called the district clerk to inquire about the transcript. He was informed that the appeals clerk, within the district clerk's office, had not received his communication of June 17 and, assuming that he did not want to pursue the appeal, had not delivered the transcript to this Court. Whereupon, on July 18, 1980, appellant filed a motion for extension of time to file the transcript, pursuant to Rule 21c, *Texas Rules of Civil Procedure* (1979).

Rule 21c provides:

"(1) An extension of time may be granted for late filing in a court of civil appeals of a transcript ... if a motion *reasonably explaining* the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules." (Emphasis added).

It is the responsibility of appellant, who ordered the transcript, to see that it is timely filed with the Clerk of this Court. *Texaco, Inc. v. Texas Air Control Board*, 520 S.W.2d 417 (Tex.Civ.App.1975, writ ref'd n.r.e.); *Lewis v. Lewis*, 125 S.W.2d 375 (Tex.Civ.App.1939, writ ref'd). To accomplish this object, appellant may, of course, designate an agent to file the document. *City of Temple v. Thomas*, 507 S.W.2d 858 (Tex.Civ.App.1974, writ ref'd n.r.e.).

The district clerk is under no official duty to forward a transcript to this Court. If he undertakes to do so, he does so in an unofficial capacity as appellant's agent;

any negligence on his part in failing to timely transmit the transcript to this Court will be charged to appellant. *Texaco, Inc. v. Texas Air Control Board, supra; Massey v. Brindley,* 296 S.W.2d 296 (Tex.Civ.App. 1956, writ ref'd).

■ The failure of the district clerk to timely file appellant's transcript does not qualify as a "reasonable explanation" for appellant's need for an extension of time under Rule 21c.

Accordingly, appellant's motion for rehearing is overruled.