TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00567-CV







Kenneth Lauderdale doing business as Lauderdale


Aerial Service, Appellant



v.



Texas Department of Agriculture, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 93-02690, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







 In a contested-case proceeding, the Texas Department of Agriculture issued a final
order imposing administrative penalties (one for $1,500, another for $15) against Kenneth
Lauderdale, doing business under the trade name Lauderdale Aerial Service, for violating
statutory provisions and a Department regulation pertaining to pesticide application. See Tex.
Agric. Code Ann. § 76.116(a)(1), (6) (West 1995) (the "Code"); 4 Tex. Admin. Code
§ 7.22(a)(1) (1995). In Lauderdale's suit for judicial review of the order, brought under authority
of Code section 76.1555(n), the district court affirmed the Department order. Lauderdale appeals.

 As in district court, our scope of review is limited to that specified in the
Administrative Procedure Act for judicial review under the "substantial evidence rule." See Code
§ 76.1555(n); Tex. Gov't Code Ann. § 2001.174 (West Pamph. 1996) (the "APA"). (1) We will
affirm the agency order and the district-court judgment.



THE $1,500 PENALTY


 Code section 76.116(a)(1) authorizes an administrative penalty to be imposed for
applying a pesticide in a manner "inconsistent with the pesticide's labeling." The pesticide in this
instance was Dimethoate. The Dimethoate label instructs as follows: "Do not apply this product
in such a manner as to directly or through drift expose workers or other persons." (2) The
Department fined Lauderdale $1,500 based upon its conclusion of law that he violated section
76.116(a)(1) by spraying the Sorrellses' automobile with Dimethoate on May 21, 1990. This
conclusion of law rests on a finding of underlying fact that Lauderdale sprayed the field with the
pesticide on that date. In his first point of error, Lauderdale contends the underlying fact is not
supported by substantial evidence and, in consequence, the agency's final order must be reversed. 
See APA § 2001.174(2)(E).


 APA section 2001.174(2)(E) requires reversal of the Department's final order if
Lauderdale's substantial rights have been prejudiced by an agency fact finding that is "not
reasonably supported by substantial evidence considering the reliable and probative evidence in
the record as a whole." This means we may not substitute our judgment for that of the agency
on the weight of the evidence; we must, however, test any disputed finding of basic or underlying
fact against that body of evidence. "Substantial evidence" is thus a term of art. It "does not mean
a large or considerable amount of evidence, but rather `such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion'" of fact. Pierce v. Underwood, 487 U.S.
552, 564-65 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). As
emphasized in the commentary that accompanied the model act from which our APA is derived,
it is meaningless to inquire whether an agency's conclusions of law or its ultimate decision in the
case are supported by "substantial evidence." These, by definition, are a compound of legal and
policy inferences applied to facts found. 2 Frank E. Cooper, State Administrative Law 722-39
(1965 ed.). 

 The following evidence is undisputed. In the early morning of May 21, 1990,
Deborah Sorrells and her daughter were motoring on County Road 150 in Hays County when their
automobile was sprayed with a pesticide discharged from a white aircraft, bearing yellow or
orange markings, passing overhead. A cotton field farmed by Leonard Germer lay on one side
of the road, a pasture on the other. Germer had engaged Lauderdale to spray his field with the
pesticide Dimethoate. Lauderdale had done so on a day within four days of May 21, 1990, and
sent Germer a bill for his work. Only Lauderdale had sprayed Germer's fields for the past ten
years. Two Department inspectors visited the field on May 22, 1990. Germer's farm hand told
them the field had been sprayed the day before--May 21, 1990. The inspectors included his
statement in their report, which was admitted in evidence. (3) The inspectors saw flagging paper,
used as markers in aerial spraying, in the field. Scientific evidence showed that samples taken
from Germer's field by the inspectors on May 22, 1990, and from the Sorrells's automobile
contained similar concentrations of Dimethoate. In addition, the sample taken from Germer's
field contained a chemical that is produced as vegetation breaks down Dimethoate, indicating that
the field had been sprayed before the morning of May 22, 1990, when the inspectors took the
sample.

 Lauderdale testified that in the early morning of May 21, 1990, the time the
Sorrellses claim to have been exposed to the pesticide, he was spraying another of Germer's fields
about eight miles distant; and, he added, he did not spray the field in question until May 22, 1990. 
Moreover, he testified, his two aircraft are yellow, a color inconsistent with Mrs. Sorrells's
recollection of a white aircraft with yellow or orange markings. Lauderdale introduced in
evidence his business records showing that he sprayed the field on May 22, 1990.

 We conclude a reasonable mind could infer or find, from the foregoing evidence,
that Lauderdale exposed the Sorrellses to the pesticide Dimethoate in the course of spraying
Germer's cotton field in the early morning of May 21, 1990. We therefore overrule Lauderdale's
first point of error.



THE $15 PENALTY


 Section 76.116(a)(6) of the Code provides for an administrative penalty for the
making of a "false or fraudulent" record. The Department imposed against Lauderdale a $15 fine
based upon the agency's conclusion of law that he had made a false report, a determination that
rests upon a finding of underlying fact that he "cited the wrong date" in his record pertaining to
the spraying of Germer's cotton field where the Sorrellses were exposed to the pesticide. In his
second point of error, Lauderdale contends the finding of underlying fact is not supported by
substantial evidence.

 The point does not, however, involve a question of "substantial evidence." By the
Department's finding that Lauderdale sprayed the field on May 21, 1990, it necessarily
determined that he "cited the wrong date" in his business record of the application. The parties'
actual dispute is about a question of statutory construction, the answer to which determines the
correctness of the Department's conclusion of law that Lauderdale made a "false or fraudulent"
report, in the words of Code section 76.116(a)(6).

 The Department concluded in its final order that the statutory word "false" includes
innocent errors as well as misrepresentations; thus, even though there was no evidence of an intent
to misrepresent, Lauderdale filed a "false" report. If the Department construction is incorrect,
however, and a proper construction of the statute requires an intent to misrepresent, as Lauderdale
contends, then the agency's conclusion of law is clearly erroneous and subject to reversal under
APA section 2001.174(2)(B) or (D) as an error of law. We refer to our discussion above
concerning the proper application of the substantial evidence rule.

 We need not discuss the matter further. The Department order imposes no stigma
because it expressly found that Lauderdale's error was unintentional; and the $15 in question is
too small to justify reversing the judgment below. See Lewis v. Lewis, 125 S.W.2d 375, 381
(Tex. Civ. App.--Fort Worth 1939, writ ref'd) (reversal of $6,000 judgment not required under
doctrine non curat de minimus lex even though $27 in excess of verdict).

 For the reasons given, we affirm the Department order and the district-court
judgment.


 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith 

Affirmed 

Filed: May 29, 1996

Publish

1. All administrative actions relevant to the present cause occurred before September 1, 1993,
and are governed by the Administrative Procedure and Texas Register Act ("APTRA"). See
APTRA, 64th Leg., R.S., ch. 61, § 19, 1975 Tex. Gen. Laws 136, 136-148 (Tex. Rev. Civ. Stat.
Ann. art. 6252-13a, § 19, since repealed and codified at Tex. Gov't Code Ann. § 2001.001 et seq.
(APA). Because the codification of the APA effective September 1, 1993, had no substantive
effect on the provisions relevant in the present cause, the Texas Government Code is cited for
convenience.
2. In the district court and in oral argument on submission of the appeal, Lauderdale attacked
the notice by which the Department initiated the contested-case proceeding in the agency. The
notice alleged Lauderdale violated Code section 76.116(a)(1) by exposing the Sorrellses to the
pesticide Dimethoate when it drifted toward their automobile owing to weather conditions. The
Department found in its final order that the Sorrellses were exposed to the pesticide directly by
reason of Lauderdale's application of the Dimethoate. Lauderdale did not include this argument
in his brief to this court, however, and has thus failed to raise an issue for our review in the
particular indicated. See Tex. R. App. P. 74.
3. During oral argument to this court, Lauderdale argued that Martinez's statement was
improperly admitted as hearsay. Lauderdale failed, however, to challenge the admissibility of the
statement either in his motion for rehearing before the Department or in his brief to this court and
has therefore waived error for our review. See Tex. R. App. P. 74.; APA 2001.145(a); Burke
v. Central Educ. Agency, 725 S.W.2d 393, 396 (Tex. App.--Austin 1987, writ ref'd n.r.e.).