RAYMOND MATLOCK V. MATTIE MATLOCK.

No. A-3516. Decided May 7, 1952.
Rehearing overruled June 25, 1952.
(249 S. W., 2d Series, 587.)

*Senterfitt, Crump & Jameson,* of San Saba, *Hammett & Lynch* and *J. V. Hammett,* of Lampasas, for petitioner.

It was error for the Court of Civil Appeals to hold that the negligence of respondent's attorneys in not filing their transcript and statement of facts in the Court of Civil Appeals within the time allowed by law constituted "good cause" and in permitting the filing of the transcript. Also in overruling petitioner's motion to affirm on certificate because the transcript and statement of facts were not filed within the time allowed by law. Christensen v. Anderson, 58 S.W. 962; Houston E. & W. T. Ry. Co., v. Hillen, 193 S.W. 782; Parks v. Purnell, 135 Texas 182, 141 S.W. 2d 585.

*Sam McCollum and S. W. Hughes,* of Brady, *Woodruff & Holloway,* and R. R. Holloway, of Brownwood, for respondent.

The Court of Civil Appeals properly exercised its discretion in granting appellant's motion to file her record, tendered to its clerk on the second day of the fifteen day period allowed for such motions; that being the same day on which it was discovered that (through mistake) the record had not been filed. Appellee waived any right to complain of the previous action of the court in allowing the record to be filed. Cocke v. Birr, 142 Texas 432, 141 S.W. 2d 585; Smirl v. Globe Laboratories, 144 Texas 41, 188 S.W. 2d 676; Ziegler v. Hunt, 280 S.W. 546.

Mr. Chief Justice Hickman delivered the opinion of the Court.

The sole question for decision in this case is the right of petitioner to have the judgment of the trial court affirmed on certificate. The transcript and statements of facts were tendered to the Clerk of the Court of Civil Appeals for filing on June 20, 1951, and at the same time appellant (respondent here) filed a motion for leave to file them. The sixty-day period after the overruling of a motion for a new trial in the district court

expired on June 18, 1951. Petitioner timely filed in the Court of Civil Appeals a motion to affirm on certificate, and on June 27, 1951, the court overruled that motion and granted the motion of respondent for leave to file the record out of time. Thereafter the Court of Civil Appeals reversed and remanded the case. 245 S. W. 2d 536.

Rule of Civil Procedure 386 provides:

"In appeal * * * the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

By Rule 387 petitioner had the absolute right to have the case affirmed on certificate unless respondent made a showing to the court of her right to have the record filed after the expiration of the sixty-day period. Her only showing was in the verified motion of her attorneys filed at the time the record was tendered for filing. The material portions of that motion are copied in the opinion of the Court of Civil Appeals, and will be referred to later in this opinion.

The source of Rule 386 is amended Article 1839, R. S., 1925. Prior to 1931 the time allowed under that Article for filing the transcript was ninety days from the perfection of the appeal, with the provision that "for good cause" the Court of Civil Appeals might permit it to be filed at a later date. The law in effect prior to 1931 relating to affirmance on certificate procided that within fifteen days after such affirmance the court might permit the transcript to be filed upon a showing of "good cause why the transcript was not filed" within the ninety-day period. R. S., 1925, Arts. 1841-42. Such was the status of the law when the 42nd Legislature convened in 1931. That Legislature, in Chapter 66, Gen. Laws, Reg. Sess., made some important changes in that law by an amendment to Article 1839. By that amendment the date from which to reckon the time within which the transcript should be filed was changed from the date of the perfection of the appeal to the date of "the final Judgment or Order overruling motion for new trial," and the

time for filing was reduced from ninety days to sixty days. The amendment provided that "for good cause shown before the expiration of such sixty day period" the court should permit the transcript to be filed thereafter. That amendment repealed the provisions of Article 1841-42, R. S., 1925, which allowed the transcript to be filed for good cause on motion made within fifteen days after affirmance on certificate. Red v. Bounds, 122 Texas 614, 63 S. W. 2d 544. Under that amendment the right to an affirmance on certificate became absolute at the end of the sixty-day period, provided no motion for extension of time for good cause had been filed within that period. Even had a situation developed just prior to the end of that period which made it impossible for an appellant to file a transcript in time, courts of civil appeals were powerless to extend time, absent a motion filed within the sixty-day period.

The 43rd Legislature, in 1933, in Chapter 67, Gen. Laws, Reg. Sess., amended Article 1839 so as to grant appellant some relief from the strictness of the 1931 amendment. The only change material to this decision was a provision that "by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript *could not* be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." All prior Acts with respect to "good cause" contained no limitation or restriction with respect to what might constitute "good cause," but that is not true of the 1933 Act. It provided that the appellant must show "good cause" to have existed during the sixty-day period "why said transcript *could not* be so filed." By that amendment the Legislature relieved the appellant from the strictness of the 1931 amendment to the extent only of allowing him an extension of fifteen days within which to file a motion for additional time, but at the same time it added a restriction by providing that in order to be entitled to file the transcript out of time he must show good cause why he *could not* file it within the sixty-day period. (All italics ours) The only other amendment to Article 1839 enacted by the Legislature was the amedment by the 46th Legislature in 1939, Chapter 1, Gen. Laws, Reg. Sess., p. 58, making the provision for filing the transcript applicable also to the filing of the statement of facts. The requisites of the motion for leave to file the record after the expiration of the sixty-day period were not changed.

1 When, under authority of the Legislature, this court adopted

rules of civil procedure it brought forward in Rule 386 amended Article 1839 without any change material here. It preserved the exact language of the statute as amended in 1933 and 1939, which provided that the motion must show" good cause * * * why said transcript and statement of facts could not be so filed." The rule cannot, therefore, be treated as one adopted by the court for its convenience or for the more orderly submission of causes, which the court might feel at liberty to waive for any cause deemed by it to be sufficient. To the contrary, the rule carries forward an unambiguous statute declaring the public policy of the State on a question of importance in the administration of justice. When the Legislature in 1931 materially reduced the time for filing the transcript, it declared in the emergency clause that the crowded condition of the dockets of the courts "demands that the laws governing the practice and procedure therein be so amended as to expedite and simplify the business of the Courts as soon as possible." The same language appears in the emergency clause of the Act of 1933, indicating that by granting additional time within which to file a motion for permission to file a transcript after the sixty-day period, the Legislature intended to restrict the meaning of "good cause" to cases in which the appellant could not file the transcript within the sixty-day period. Obviously, that restriction left the Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript.

In the motion of respondent for leave to file the record out of time she made no attempt to show that it could not have been filed within the sixty-day period. To the contrary, the motion affirmatively discloses that it could have been filed within that period. Both the transcript and the statement of facts were in the hands of respondent's attorneys several days before the expiration of the sixty-day period, and the reason stated in the motion for not filing the same within the sixty-day period was that one of respondent's attorneys had understood that upon receipt of said record the secretary of his firm had delivered the same to the Railway Express Company to be delivered to the Clerk of the Court of Civil Appeals for filing within the sixty-day period. That cannot be held to have been a good cause why the record could not have been filed within that period.

2  Counsel for respondent direct our attention to Rule of Civil Procedure 1, which states that the objective of the rule is "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Certainly, the rules could have no other objective. But the

same rule in the next sentence in providing that the rules shall be given a liberal construction states that the reason for such liberal construction is that the objective of the rules may be attained "with as great expedition and disptch and at the least expense * * * as may be practicable." The rules leave no doubt that the court intended to adhere to the strictness of amended Article 1839. Rule 5 vests broad discretion in courts to allow enlargement of the time within which some acts are required or allowed to be done, but Rule 437 makes it clear that such discretion is not allowed in passing on a motion to enlarge the time for filing transcript and statement of facts in this language: "the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except as contemplatetd by Rule 386." The Legislature has said in no uncertain terms that civil litigation should not be drawn out but should be disposed of with dispatch. By court rules we have sought to adhere to that policy. The end result should be a better administration of justice. That result cannot be obtained if the statute designed to attain it is not enforced according to its clear intent.

**3** Much is written in the briefs on the question of whether the Court of Civil Appeals acted arbitrarily in abuse of its discretion in granting the motion to file the record out of time. We do not base our decision on the ground that it acted arbitrarily or in abuse of its discretion. The view which that court took of the applicable law, as expressed in its opinion, was that the question was one of bad faith or careless indifference on the part of appellant or her attorneys. Under that view of the law the court granted the appellant's motion. We differ from the Court of Civil Appeals on the applicable law, and upon that ground we are reversing its judgment. No court takes pleasure in denying to a litigant the right to have his case reviewed on appeal, but when a court decides the law to be as declared in this opinion, it has no alternative but to deny that right.

**4** Respondent claims that petitioner in his brief in the Court of Civil Appeals expressly waived any right to complain of the order of that court allowing the record to be filed and overruling his motion to affirm on certificate. The claim of waiver is based upon these facts: The order permitting the record to be filed and overruling the motion to affirm on certificate was entered by the Court of Civil Appeals on June 27. The case was set for submission in that court on December 5. Petitioner, who was appellee in the case, filed his brief in November on the merits of the case. That brief contained no reference to the delay in

filing the record, but did not contain this sentence: "The sole and only question before the court is whether the verdict is so contrary to the weight of the evidence as to be manifestly wrong and as to warrant this court setting it aside." It is claimed that by this sentence and by his failure to preserve the point in his brief, petitioner waived his right to complain of the court's action in overruling his motion to affirm on certificate. That order was interlocutory. It was assigned as error by petitioner in his motion for rehearing in the Court of Civil Appeals after judgment on the merits and was brought to this court in his application for writ of error. That is the proper practice in such cases. Smith v. Free, 130 Texas 23, 107 S. W. 2d 588. In acting on the motion to affirm on certificate, the Court of Civil Appeals was not acting as a court of review but in an original proceeding. When the case came on to be considered on its merits that court was acting as a court of review, and the only question before it in that hearing was the question brought up for decision by the appellant, who is respondent here. Petitioner, who was appellee in that court, owed no duty at that time to file an assignment complaining again of the action of the court overruling his motion to affirm on certificate in June. That question had already been passed upon by the Court of Civil Appeals and was not before that court for review in the December hearing. The statement that only one question was before that court was an accurate statement from the record and contained no element of waiver.

In our view petitioner's motion to affirm on certificate should have been granted. It is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court be affirmed on certificate.

Opinion delivered May 7, 1952.

Rehearing overruled June 25, 1952.