**Albert H. POLLARD, Independent Executor, Petitioner,**

v.

**The AMERICAN HOSPITAL AND LIFE INSURANCE COMPANY, Respondent.**

**No. B–2671.**

Supreme Court of Texas.

Oct. 6, 1971.

Rehearing Denied Nov. 17, 1971.

Howard H. Hasting, San Antonio, Henry H. Brooks, Harry S. Pollard, Austin, for petitioner.

Boyle, Wheeler, Gresham, Davis & Gregory, Bond Davis, San Antonio, for respondent.

WALKER, Justice.

This is a suit on a group life insurance policy. The merits of the case will not be

reached, because the transcript and statement of facts were not timely filed and on the record the Court of Civil Appeals had no discretion to grant an extension of time for filing.

The trial court rendered judgment in plaintiff's favor for the amount of the alleged coverage plus penalty, interest and attorney's fees. Defendant perfected an appeal but did not file the transcript or statement of facts within the 60-day period allowed by Rule 386, Texas Rules of Civil Procedure. A motion for extension of time was filed in the Court of Civil Appeals on the sixtieth day, and the transcript and statement of facts were delivered to the clerk for filing ten days later. The motion was granted by the Court of Civil Appeals, which then reversed the judgment of the trial court and rendered judgment that plaintiff recover only the amount of the premiums paid. 464 S.W.2d 431.

The delay in filing the transcript and statement of facts is not mentioned in the opinion of the Court of Civil Appeals, and no purpose would be served by setting out the facts here. It is sufficient to say that the record shows affirmatively that both the transcript and statement of facts could have been filed within the 60 days allowed by Rule 386. The Court of Civil Appeals had no discretion to grant an extension of time for filing in these circumstances. Matlock v. Matlock, 151 Tex. 308, 249 S. W.2d 587; cf. Patterson v. Hall, Tex.Sup., 430 S.W.2d 483; Wigley v. Taylor, Tex. Sup., 393 S.W.2d 170.

No motion to affirm on certificate having been filed, it is ordered that the judgment of the Court of Civil Appeals be reversed, that the transcript and statement of facts be stricken, and that the appeal be dismissed.