Joyce Karbach **WATSON**, Appellant,

v.

Harold **SELLERS** et al., Appellees.

No. 566.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 1, 1972.

Robert W. Simmer, Houston, for appellant.

Joe H. Reynolds, Grant Cook, Reynolds, White, Allen & Cook, John L. Buvens, Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Judson R. Wood, Vinson, Elkins, Searls & Smith, Houston, for appellees.

TUNKS, Chief Justice.

On June 28, 1971, the trial court rendered and signed the order overruling the motion for new trial in the case of which this is an appeal. The 60 days within which to file the record in this Court, as required by Texas Rules of Civil Procedure 386, ended on Friday, August 27, 1971. The record, which consists of only a transcript since this is an appeal from a summary judgment, was not filed within the 60 days. On August 30, 1971, the appellant filed a motion to extend the time within which to file the transcript. The transcript was delivered to the clerk for filing at the time the motion to extend time was filed. The appellees were notified by letters dated August 30, 1971, of the filing of the appellant's motion to extend time. This Court was in recess during the months of August and September. The first motion docket after such recess was set for October 6, 1971. At that date no opposition to appellant's motion to extend time had been filed. The motion was granted on October 6th and the transcript ordered filed on that date. On October 7, 1971, the appellees filed a joint motion for leave to file a supplemental transcript which motion was granted later, on October 20th. On October 14, 1971, appellee, Harold Sellers, filed a motion to affirm on certificate because of appellant's failure to timely file the transcript. On October 22, 1971, the appellee, North American Insurance Company, filed its motion to affirm on certificate or in the alternative to dismiss the appeal. On October 27, 1971, it was ordered that appellees' motions to affirm on certificate or to dismiss be set for submission and oral argument along with the appeal.

The appellant's attorney executed an affidavit which was filed in support of the motion to extend time. The relevant language of that affidavit is:

"Thereafter on or about August 24, 1971, Defendant was advised by the Clerk's office the transcript was ready, and in the course of a telephone conversation with Mr. Ray Hardy, District Clerk, on August 24, 1971 at 3:05 p. m., it was determined that the Bill of Costs con-

tained in the Transcript was in error due to severance of certain Intervenors. Thereafter on the 27th day of August, 1971, Attorney for Appellant Watson called the District Clerk's Office at about 1 p. m. and was advised that the transcript was corrected and could be picked up. That on such date Robert W. Simmer, Attorney for Appellant Watson, became ill approximately 2 p. m., left his offices and went home. In addition thereto the automobile of the said Robert W. Simmer developed a dead short in the battery, leaving Attorney for Appellant without any transportation and means to pick up the completed transcript for filing in the Court of Civil Appeals. The transcript was delivered with the Motion filed in this Court on August 30, 1971, the next business day the Clerk's office was open."

The appellees, in support of their motions to affirm on certificate or dismiss, have filed the affidavit of Mr. Ray Hardy, District Clerk of Harris County. The relevant language is:

"Robert W. Simmer, counsel for appellant, was notified by my office on August 24, 1971, that the transcript, as requested by him, had been completed and was ready to be picked up from the office of the District Clerk. On that day Mr. Simmer raised a question concerning the cost bill included in the transcript, and pursuant to his request a change in the cost bill was made by persons under my supervision, direction and control. Thereafter, the transcript aforesaid, as requested by Mr. Simmer, including the change in the cost bill further requested by him was completed and ready to be picked up on or before August 25, 1971. The transcript was thereafter delivered to counsel for appellant, Mr. Simmer, on August 30, 1971."

The District Clerk's certificate in the transcript is dated August 24, 1971. However, the transcript includes a letter from Mr. Joe Reynolds, attorney for the appellee, Sellers, which letter was dated August 25, 1971. That letter requests that an additional item be included in the transcript and is shown to have been filed by the clerk on August 26, 1971. The cost bill in the transcript, to which reference is made in the affidavit of appellant's attorney, is dated August 24, 1971. The cost bill, however, has a notation, dated August 26, 1971, of additional costs in the amount of $1.50, the cost of including Mr. Reynolds' letter and the additional item requested in that letter.

Thus the record shows that the transcript was ready and could have been filed on August 24th. The requested change in the cost bill is shown to have been made on that day, because the cost bill in the transcript is dated August 24th. The certified transcript was in the clerk's office during the day of August 25th and could have been filed on that day. On August 26th the letter from Mr. Reynolds was received and it and the requested item were inserted into the transcript. The fact that additions to the transcript were made on the 26th of August does not mean that it could not have been filed earlier. It was completed on August 24th in accordance with appellant's instructions and request and was certified on that date. Its filing on August 24th in the form in which it was on that date would have perfected appeal and would have invoked the jurisdiction of this Court. The transcript could have been filed in its finally amended form on August 26th, a day still within the 60 days prescribed as the limit of time within which to file it.

In Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952), the Texas Supreme Court reviewed the statutory origin of Rule 386 and pronounced the construction of that Rule, by which construction this case must be governed. At page 589 the court said:

"The 43rd Legislature, in 1933, in Chapter 67, Gen.Laws, Reg.Sess., amended

Article 1839 so as to grant appellant some relief from the strictness of the 1931 amendment. The only change material to this decision was a provision that 'by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe.' All prior Acts with respect to 'good cause' contained no limitation or restriction with respect to what might constitute 'good cause,' but that is not true of the 1933 Act. It provided that the appellant must show 'good cause' to have existed during the sixty-day period 'why said transcript could not be so filed'. By that amendment the Legislature relieved the appellant from the strictness of the 1931 amendment to the extent only of allowing him an extension of fifteen days within which to file a motion for additional time, but at the same time it added a restriction by providing that in order to be entitled to file the transcript out of time he must show good cause why he could not file it within the sixty-day period."

■ Rule 1 of the Texas Rules of Civil Procedure provides that those rules are to be liberally construed so as to achieve justice. Rule 386, however, is based upon the public policy which demands speedy disposition of civil litigation. Strict and literal compliance with it is required to invoke the jurisdiction of a court of civil appeals. Allen v. United Supermarkets, Inc., 467 S. W.2d 616 (Tex.Civ.App.—Amarillo 1971, no writ).

■ There obviously must be some area wherein a court of civil appeals must have some discretion in construing a record before it as that record relates to the application of Rule 386. There may be conflicts in the record which would have to be resolved. In fact, such a court is empowered to make its own investigation of the facts relating to its jurisdiction. Vernon's Tex.Rev.Civ.Stat.Ann. art. 1822 (1923). Then too, the term "good cause" upon the basis of which the court may permit a late filing is a comparative term. It may be necessary that, after the facts are determined, the court exercise discretion in determining whether those facts constitute good cause. A situation may be assumed wherein timely request to prepare a transcript was made to a clerk in one of the more distant counties of this district, but, because of circumstances beyond the control of the appellant's lawyer, the transcript could not be completed until the 60th day. In such a situation the court would have discretion, within a limited range, in finding that good cause did or did not exist as to why the transcript could not be filed on the 60th day. But the good cause to be determined relates to the question of why the record *could not have been filed,* not good cause as to why it *was not filed.* Matlock v. Matlock, supra. Where, on the other hand, the record affirmatively shows that there was no good cause as to why the transcript could not have been filed within the 60 day period the court has no discretion and may not permit it to be filed later. Patterson v. Hall, 430 S.W.2d 483 (Tex. Sup.1968).

■■ The record in this case has been carefully searched in an effort to find a basis upon which the court, in keeping with Rule 1, noted above, could permit the transcript to be filed to the end that its jurisdiction would be invoked. We have considered the possibility that on each of the days, August 24th, after the transcript was certified, and on August 25th, 26th and on the 27th until the appellant's lawyer became ill at 2:00 o'clock in the afternoon, there existed continuing good cause because there remained time within which to file before the deadline. We have assumed

that his illness was of such nature and severity that he could not, after he was stricken, either file the record or arrange for its filing. Those facts, if they show any good cause at all, show no more than good cause why the record was not filed. They do not show good cause why it could not be filed. During the period of time in question the transcript, duly certified, remained in the clerk's office. During that period it could have been filed. The days in question were all within the controlling 60 day period. There can be no question but that this record affirmatively shows that the record could have been filed within the 60 day period. Under the circumstances we have no discretion to permit it to be filed after the 60th day. Patterson v. Hall, supra. If a record becomes available for filing during the 60 day period, and if the appellant can but does not so file it when it so becomes available, he assumes the risk that facts may later develop because of which he can not file it in time. In Pollard v. American Hospital and Life Insurance Company, 472 S.W.2d 116, 117 (Tex.Sup.1971), the court said:

"It is sufficient to say that the record shows affirmatively that both the transcript and statement of facts could have been filed within the 60 days allowed by Rule 386. The Court of Civil Appeals had no discretion to grant an extension of time for filing in these circumstances."

That language compels the conclusion stated in this paragraph.

■ Another possibility has been explored. There must be some point of time at which the record is closed for the presentation of facts relating to a court's discretion to permit the filing of a transcript after the 60 day period has ended. Appellant's motion to extend time was filed on August 30th and appellees were given notice of such filing by letters dated August 30th. The motion was not ruled on for more than a month during which time the appellees neither filed any opposition to appellant's motion nor moved for affirmance on certificate or dismissal as provided by Tex.R.Civ.P. 405. However, neither their failure to oppose appellant's motion nor their failure to file their own motion within the 30 days prescribed by Rules 404 and 405 constituted a waiver of their right to challenge the court's jurisdiction of this appeal. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956 (1943); Allen v. United Supermarkets, Inc., supra.

The affidavit of Mr. Ray Hardy, the Harris County District Clerk, was not before this Court at the time a ruling was made on appellant's motion to extend time. There was, however, evidence beside that affidavit which showed that the transcript could have been filed within the 60 day period. That evidence was the transcript tendered for filing which showed that it had been certified since August 24th.

We were in error in granting appellant's motion to extend time and in permitting the filing of the transcript. Our order in doing so is set aside. The appellees have complied with the requirement of Rule 387 as to a motion to affirm on certificate. Their motions to so affirm are granted.

Affirmed on certificate.