**John Rowland THOMPSON and Wyllena Jo Thompson, Appellants,**

**v.**

**CARTER, JONES, MAGEE, RUDBERG, MOSS & MAYES, Appellees.**

**No. 20444.**

Court of Civil Appeals of Texas, Dallas.

Sept. 5, 1974.

Rehearing Denied Sept. 5, 1974.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellants.

Jack B. Cowley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellees.

## ON MOTION FOR REHEARING

GUITTARD, Justice.

We heretofore denied appellants' motion to permit late filing of the transcript and statement of facts, which were tendered to the clerk of this court on June 11, 1974, the sixty-first day after the date recited in the trial court's judgment. On motion for rehearing, appellants support their motion with affidavits showing that their counsel was misled concerning the date on which the judgment was signed. We adhere to our original ruling.

The copy of the judgment furnished to counsel by the clerk of the trial court recites that it was signed by the judge on April 12, but the copy in the transcript shows that the judgment was signed on April 10. Counsel admits that he had the record in his hands ready for filing before expiration of the sixty-day period, but he says that he reserved filing it until the last day, as he computed the period, so that the time for writing appellants' brief would not conflict with the Fourth of July holiday. He argues that his reliance on the erroneous date recited in the copy of the judgment furnished to him is good cause for not filing the record within the sixty-day period.

Reluctantly, we overrule the motion for rehearing. For such an extension of time, Rule 386, Texas Rules of Civil Procedure, requires a motion "showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed . . . ." The Supreme Court has held that this language restricts "good cause" to cases in which appellant *could not file* the transcript within the sixty-day period and leaves "little discretion" in the court of civil appeals. Matlock v. Matlock, 151 Tex. 308, 313, 249 S.W.2d 587, 590 (1952). The affidavits presented by appellants show that before expiration of the sixty-day period, counsel had the record in hand and could have determined the correct date of the judgment from the copy in the transcript. Thus he could have filed the record in time, but he chose to wait until the last day, as he erroneously computed it. In these circumstances *Matlock* leaves us no discretion to apply a standard of reasonable diligence or to excuse the delay because of reasonableness of his reliance on the erroneous information furnished by the clerk.[1]

We recognize the harshness of this ruling, and we acknowledge that we must make similar rulings with distressing frequency. The only remedy is to amend Rule 386. The opinion in *Matlock* explains that the restrictive language of this rule, which was introduced in 1931 by amendment to former Tex.Rev.Civ.Stat. art. 1839 (1925), was not adopted by the Supreme Court for its convenience or for the more orderly submission of causes, but was one of several amendments enacted pursuant to a declared legislative policy "to expedite and simplify the business of the Courts." Since the Supreme Court now has authority over such matters, we hope that when it next sits to consider amendments to the Rules of Civil Procedure, it will re-examine this policy and will consider an amendment which would give the courts of civil appeals discretion to grant extensions in cases, such as this, in which the delay caused by an inadvertent failure to meet the deadline would not be substantial.

---

1. The present case is not like Patterson v. Hall, 430 S.W.2d 483, 486 (1968), in which the Supreme Court held that the court of civil appeals had discretion to determine the fact issue of whether or not a statement of facts was ordered promptly.