**Jerry M. MULLOY, Appellant,**

v.

**Bernardine J. MULLOY, Appellee.**

**No. 1418.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 23, 1976.

Rehearing Denied July 14, 1976.

Michael C. Neel, Martin J. Grimm, Houston, for appellant.

Thomas B. Foster, B. Jeff Bratton, Foster, Bratton, Golden & Kelley, Houston, for appellee.

CIRE, Justice.

This is an appeal from an order of the court of domestic relations denying appellant's application for a writ of habeas corpus to enforce a child custody order of a Kansas district court. For the reasons set forth below, we dismiss the appeal.

Appellant's motion for new trial was overruled on January 12, 1976. Thus, the deadline for filing the transcript and statement of facts in this court was March 12, 1976. Tex.R.Civ.P. 386. On March 24 appellant tendered his motion to extend the time for filing the transcript and statement of facts. The motion was timely filed under Rule 21c, Texas Rules of Civil Procedure. We granted appellant's motion, and the transcript and statement of facts have been filed in this court. By crosspoint appellee urges us to reconsider and to deny appellant's motion, for the reason that the motion does not set forth a reasonable explanation for the late filing as required by Rule 21c.

Appellant ordered the transcript and statement of facts on January 23, 1976. The statement of facts was made available to appellant by the court reporter on February 27, and the transcript was received by him on March 4. The statement of facts

was not presented to appellee for her approval until March 16, four days after the final day for filing in the court of civil appeals. The transcript and statement of facts were tendered by appellant for filing in this court on March 24.

Appellant's motion to extend the time for filing the statement of facts and transcript stated, as the reason for the late filing, that the statement of facts as originally prepared had erroneously contained the name of an attorney who had not appeared in the case, and the extra time had been necessary in order to correct the mistake. Appellant's motion states that the error in the statement of facts was discovered on March 18.

Rule 21c provides that the failure to timely file a transcript or statement of facts in the court of civil appeals will not authorize dismissal of the appeal if the defaulting party timely files a motion reasonably explaining his failure to meet the filing deadline. In construing the language of Rule 21c we meet the question of the meaning of the term "reasonable explanation". We hold that a reasonable explanation under Rule 21c is "any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance . . .." *Sloan v. Passman,* 538 S.W.2d 1 (Tex.Civ.App.-Dallas, 1976) (dissenting opinion).

The appellant in this case has failed to offer any explanation at all relative to the sixty days from January 12 to March 12. The only reason given in his motion for the late filing concerns a mistake which was not discovered until six days after the period for filing had expired. Since appellant's explanation of his delay in filing the transcript and statement of facts does not pertain to any portion of the sixty days during which he was required to file them, we hold that his motion for extension of time must be denied.

The transcript and statement of facts not having been timely filed in this court, the appeal is dismissed.