**Marcello GALLEGOS, Appellant,**

v.

**TRUCK INSURANCE EXCHANGE,**
**Appellee (two cases).**

**Nos. A3775, A3803.**

Court of Civil Appeals of Texas,
San Antonio.

June 9, 1976.

Rehearing Granted July 14, 1976.

Karl Dorr, San Antonio, for appellant.

Robert B. Summers, San Antonio, for appellee.

PER CURIAM.

On May 25, 1976, appellant filed his motion for an extension of time to file the record in his appeal from a judgment non obstante veredicto entered on March 22, 1976. The record was due to be filed on or before May 21, 1976. Rule 386, Tex.R. Civ.P. In support of said motion, it is averred by appellant's attorney "that in the afternoon of May 21, 1976, the file of Marcello Gallegos, containing the transcript and statement of facts was placed with a number of closed files by an employee of this firm and shortly thereafter taken to a storage area in a separate part of the office facility." It was further averred that the transcript and statement of facts were not located until Tuesday, May 25, 1976.

Rule 21c, Tex.R.Civ.P., effective January 1, 1976, provides in part that the failure of a party to timely file a transcript or statement of facts in the court of civil appeals will not authorize a loss of the appeal if the defaulting party files within fifteen days of the last date for timely filing "a motion reasonably explaining such failure."

We agree that a lost record constitutes a reasonable explanation for failure to timely file same providing that no lack of diligence is otherwise shown. Here the transcript was delivered to appellant's attorney on April 5, 1976, and the statement of facts was certified by the court reporter on April 9, 1976. No explanation, reasonable or otherwise, has been given why the completed record was not filed prior to the last day. It was a calculated risk that it could become lost or misplaced if kept by appellant's attorney for over thirty days without filing it. In this situation, appellant has failed to give a reasonable explanation for his failure to timely file the record.

The motion for extension of time is denied.

ON MOTION FOR REHEARING

On June 9, 1976, we denied appellant's motion for extension of time for filing the

record and held that appellant offered no "reasonable explanation" under Rule 21c [1] for not filing a record which became misplaced while in possession of appellant's attorney. We held that there was a calculated risk that the record would become lost or misplaced when it was kept by appellant's attorney for over thirty days without filing it.

Appellant has now filed a motion for rehearing, wherein it is asserted that the record was not promptly filed by the attorney because he was not able to begin work on the brief because of the press of his trial docket. He planned to file the record on the sixtieth day so as to have maximum time available for preparing his brief.

Under the provisions of Rule 386, which governed extensions of time prior to the adoption of Rule 21c, it was necessary for the appellant to show good cause why said record *could not* be filed within sixty days. See *Matlock v. Matlock,* 151 Tex. 308, 249 S.W.2d 587 (1952); *Thompson v. Carter, Jones, Magee, Rudberg, Moss & Mayes,* 514 S.W.2d 131 (Tex.Civ.App.—Dallas 1974, no writ); *Watson v. Sellers,* 477 S.W.2d 678 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Pollard v. American Hospital and Life Insurance Co.,* 472 S.W.2d 116 (Tex. 1971). The harshness of this restrictive rule undoubtedly led to the adoption of Rule 21c with the accompanying amendment to Rule 386.

Rule 21c provides that the failure to timely file a record in the court of civil appeals will not authorize dismissal of the appeal if the defaulting party timely files a motion reasonably explaining his failure to meet the filing deadline. It has been held that a reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Mulloy v. Mulloy,* 538 S.W.2d 818, 1 Texas Court Reports 24 (Tex.Civ. App.—Houston [14th Dist.] 1976); *Stieler v. Stieler,* 537 S.W.2d 954 (Tex.Civ.App.—Austin 1976). While we recognize that some definitions of the word "inadvertence" include negligence, we express no opinion as to whether a negligent failure to timely file a record is a reasonable explanation under Rule 21c. Here there is no showing of negligence.

Rule 386 requires that the record be filed within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error. It does not require appellant to file the record as soon as possible. Certainly the record would have been filed without question if it had been tendered on the sixtieth day despite the fact that it had been in appellant's possession for more than thirty days. The failure to timely file was not deliberate or intentional. Appellant was unable to timely file the record because it became lost. This is a reasonable explanation for appellant's failure to timely file the record.

The motion for extension of time is granted under authority of Rule 21c to prevent loss of appellant's appeal. The time for filing the record is extended until July 21, 1976.

---

1. All references to rules are to Tex.R.Civ.P.