Gene MESHWERT, Appellant,

v.

Betty Joe MESHWERT, Appellee.

No. 7859.

Court of Civil Appeals of Texas,
Beaumont.

Oct. 14, 1976.

Rehearing Denied Nov. 4, 1976.

Melvin J. Boneau, Frank M. Lamson,
Port Arthur, for appellant.

E. B. Lord, Beaumont, for appellee.

DIES, Chief Justice.

Petitioner, Betty Joe Meshwert, sought
divorce from her husband, Gene Meshwert,

and a property division. Judgment was entered dissolving the seventeen months marriage, dividing the property, and awarding petitioner attorney's fees, from which respondent husband brings this appeal.

▮ The appellee wife (petitioner) has a jurisdictional crosspoint which we must address before discussing the points of the appellant husband. We quote the crosspoint in the margin,[1] and the supporting fact structure as found in her brief:

> "Appellee says that this Honorable Court should not have granted Appellant's motion for extended time to file the record. The final date for filing transcript and statement of facts was April 14, 1976. As previously shown, the statement of facts was ready for filing on March 29, 1976. The transcript was completed March 12, 1976. The only excuse offered by Appellant was an erroneous miscalculation. The decision of this Court is contrary to *Sloan v. Passman,* 536 S.W.2d 575 (no writ history). Also see *Delaney v. Adkins* (no writ history), decided June 9, 1976 by San Antonio CCA."

At the time we acted upon appellant's motion for leave to file the record, we had before us the slip opinion in *Sloan v. Passman,* 536 S.W.2d 575 (Tex.Civ.App.—Dallas 1976, no writ), with Justice Guittard's dissenting opinion now reported in 538 S.W.2d 1. We decided then that we would follow Justice Guittard's dissent until the Supreme Court had determined otherwise.

We decline to follow the majority in *Sloan,* supra; instead, we adopt the rationale of Justice Guittard's dissent therein reading:

"[A]ny plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, may be accepted as a 'reasonable explanation,' even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise."

Since that time, several other courts of civil appeals have followed the dissent in *Sloan v. Passman* ; namely,

1. The Austin Court of Civil Appeals: *Stieler v. Stieler,* 537 S.W.2d 954, 957 (1976, no writ history);

2. The San Antonio Court of Civil Appeals: *Gallegos v. Truck Ins. Exchange,* 539 S.W.2d 353, 354 (1976, no writ history).

3. The Houston Court of Civil Appeals— Fourteenth District: *Mulloy v. Mulloy,* 538 S.W.2d 818, 819 (1976, no writ).

The series of cases herein cited are all in accord with our original action in permitting the late filing of the record. Until notified otherwise by a court of competent jurisdiction, i. e., the Supreme Court of Texas, this court will follow the rationale of Justice Guittard's dissent in *Sloan,* supra, and thus join in what appears to be the uniform rule in effect in the Third, Fourth, Fourteenth, and now the Ninth Courts of Civil Appeals, with the Fifth Court being the only one presently known to us holding to the contrary.[2]

Appellee's crosspoint is overruled.

Respondent husband owned a heating and air conditioning business before marriage to petitioner, January 25, 1974. On February 27, 1974, respondent gave a check

---

1. "The Court erred in allowing Appellant to file the record after the time for filing had elapsed, no good cause having been shown by Appellant."

2. It may be that the Second Court of Civil Appeals in Fort Worth will follow *Sloan v. Passman,* supra. Three brief *per curiam* opinions were released by that court in early September, 1976, although none are precisely in point with the case now under consideration. See *Russell v. Truitt; Pressley v. Royal Indem-*

*nity Co.,* and *Cunningham v. State Board of Insurance, etc.* Each of these opinions was delivered in connection with an interlocutory motion and are not yet reported except in 1 Texas Court Reporter 625–626.

See also the opinion of the Corpus Christi Court handed down on October 7, 1976, *In the Matter of M.A.G., a Child,* 541 S.W.2d 899 (1 T.C.R. 832), aligning that court with the dissent in *Sloan v. Passman,* supra.

in the amount of $5,150, drawn on the business (Comfort Zone Co.) for the purchase of a beach lot in Galveston County. Subsequently, respondent and petitioner borrowed money and built a beach cabin on the property. The trial court awarded this property to petitioner with full assumption of the debt against it. Respondent contends he traced the $5,150 purchase price as being his separate property and, therefore, it was error for the court to award this property to his wife.

He presented evidence, he contends, that during the month of February, 1974, his business (Comfort Zone) made a profit of $2,700, and that during this month he drew out of the business $2,600; ergo, the $5,150 check had to come from separate funds, viz., moneys earned by the business before January 25, 1974, marriage with petitioner. We disagree.

■ At the time of the dissolution of a marriage there is a rebuttable presumption that property possessed is community, and, to discharge that burden, the one so claiming must trace and identify property claimed as separate property. Where the evidence shows that separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the presumption that the entire mass is community controls its disposition. *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex.1965); *McKinley v. McKinley,* 496 S.W.2d 540 (Tex.1973).

■ The earnings of respondent's business were community. *Moss v. Gibbs,* 370 S.W.2d 452 (Tex.1963); *Bell v. Bell,* 504 S.W.2d 610, 611 (Tex.1974). From the time of the marriage of the parties until the purchase of this beach property, more than $30,000 was deposited in this business account which, under the authorities we cite above, is presumed to be community funds. The burden of tracing would not be overcome by a showing of a decrease in net worth. *Stanley v. Stanley,* 294 S.W.2d 132, 136 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.). See also, *McKinley v. McKinley,* supra, at 542–544; *Waheed v. Waheed,* 423 S.W.2d 159 (Tex.Civ.App.—Eastland 1967, no writ).

The court also awarded petitioner $9,500. The record reflects that net profit of the business during the marriage was almost $48,000, and that items of equipment such as trucks were purchased during that time.

■ The C.P.A. who testified for respondent admitted he could only identify the fixed assets of the business ($16,910) as being there at the time of marriage. The business had $106,000 in accounts receivable on August 31, 1975. At that time there was $33,000 in inventory. Certainly some of this was community. Texas divorce courts are given wide discretion in making a division of the estate of the parties; equal division is not required; upon appeal it is presumed that the trial court exercised its discretion properly, and the cause will be reversed only where there is a clear abuse of discretion. *Looney v. Looney,* 541 S.W.2d 877 (Tex.Civ.App.—Beaumont, 1976) (not yet reported), and authorities cited. We find no abuse of discretion here. Respondent's (appellant's) first three points are overruled.

■ Respondent has points of error contending that the evidence is insufficient to sustain the award of $3,750 as additional attorney's fees to his wife. We agree and sustain such points.

Since the opinion in *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966), our courts have held that the reasonableness of attorney's fees is a question of fact and must be supported by competent evidence just as any other fact issue. The only evidence on this issue here was a general statement of petitioner's attorney suggesting the amount of the fee. He did not state the time he had spent in preparation and trial of the case nor did he testify as to any of the other commonly accepted elements of fact going to make up a reasonable fee. Thus, we sustain the point under consideration.

The judgment of the trial court granting the divorce and dividing the property of the parties is affirmed. The issue of attorney's

■ 

fees of petitioner's counsel is severed and, as to said issue, the cause is remanded. Costs of appeal are divided between the parties equally.

Affirmed in part and in part reversed and remanded.

STEPHENSON, J., not participating.