Betty MESHWERT, Petitioner,

v.

Gene MESHWERT, Respondent.

No. B–6438.

Supreme Court of Texas.

March 30, 1977.

Everett B. Lord and Walter M. Sekaly, Beaumont, for petitioner.

Lamson & Plessala, Frank M. Lamson, Melvin J. Boneau, Port Arthur, for respondent.

McGEE, Justice.

This case concerns the construction of the term "reasonably explaining" as used in Texas Rules of Civil Procedure 21c. The court of civil appeals held that the movant in this case gave an excuse "reasonably explaining" the failure to timely file the transcript and statement of facts under the sixty-day requirement of Rule 386. Tex. Civ.App., 543 S.W.2d 877. We affirm.

Betty Meshwert sought a divorce from her husband, Gene Meshwert, and a property settlement. The trial court entered judgment on December 22, 1975 dissolving the marriage, dividing the property, and awarding Betty attorneys' fees. Gene filed a motion for new trial on December 31, 1975, which was overruled by operation of law February 14, 1976. Rule 329b.[1] The sixty-day deadline for filing the transcript and statement of facts expired April 14, 1976. Rule 386. The transcript and statement of facts were tendered to the clerk of

---

1. All references to rules are to Texas Rules of Civil Procedure.

the court of civil appeals on April 19, 1976. On April 21, 1976 Gene filed a motion under Rule 21c for leave to file the record and transcript. Gene's reason for not tendering the record and transcript before the proper date was the miscalculation of the proper filing date. The court of civil appeals granted Gene's motion and allowed the statement of facts and transcript to be filed late.

Rule 21c was promulgated to alleviate the harshness of old Rule 386. Prior to amendment, Rule 386 required the movant to show "good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed . . . ." Rule 21c has relaxed the strict requirement of pre-amendment Rule 386 by providing:

"Rule 21c. Extensions of Time on Appeal

"The failure of a party to timely file a transcript, statement of facts, motion for rehearing in the court of civil appeals or application for writ of error, will not authorize a dismissal or loss of the appeal if the defaulting party files a motion *reasonably explaining such failure* in the court whose jurisdiction to make the next ruling in the case would be affected by such failure. Said motion must be filed within fifteen (15) days of the last date for timely filing provided in the applicable rule or rules sought to be avoided, although it may be acted upon by the court at a date thereafter." [Emphasis added].

The courts of civil appeals, as noted below, have differed in the standard to be applied in determining whether reasons presented did or did not "reasonably explain" the failure to timely file. The writ of error was granted in this case to resolve the conflict. The case presenting the rationale relied on or rejected in later decisions is *Sloan v. Passman*, 536 S.W.2d .575 (Tex.Civ.App.— Dallas 1976, no writ).[2] The Beaumont

Court of Civil Appeals in this case expressly declined to follow *Sloan*.

The majority opinion in *Sloan* held that the reasonable explanation given must extend to the entire sixty-day period set out in Rule 386. The majority in *Sloan* stated that while Rule 21c had relaxed the required standard, the time period for which the standard should be applied was still sixty days. *Patterson v. Hall*, 430 S.W.2d 483 (Tex.1968); *Wigley v. Taylor*, 393 S.W.2d 170 (Tex.1965). The majority also stated that promptness and diligence were implicit in Rule 21c. The dissent in *Sloan* applied in principle the standard enunciated by this court to motions to set aside default judgments. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). In *Craddock* this court held that to be an acceptable excuse, the failure to answer must not have been intentional or the result of conscious indifference but was due to mistake or accident. 134 Tex. 388, 393, 133 S.W.2d 124, 126.

■ We hold, following the dissent in *Sloan* and the cases cited below, that "reasonably explaining" means any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *United Fire Ins. Co. v. Stricklin*, supra; *Gallegos v. Truck Ins. Exchange*, 539 S.W.2d 353 (Tex.Civ.App.—San Antonio 1976, no writ); *Stieler v. Stieler*, 537 S.W.2d 954 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.). The fifteen-day time limit is mandatory; and unless a motion is filed within fifteen days, the court of civil appeals cannot grant leave to file the instruments.

■ The court of civil appeals reversed the judgment of the trial court and remanded the cause as to the issue of attorneys' fees because the judgment was not supported by sufficient evidence. We agree with the court of civil appeals that there is some evidence, but not conclusive evidence of reasonable attorneys' fees. This court

---

2. *Sloan v. Passman* was specifically overruled by the Dallas Court of Civil Appeals in *United States Fire Insurance Co. v. Stricklin*, 547 S.W.2d 338 (Tex.Civ.App.—Dallas 1977, no writ). The court adopted the dissenting opinion in *Sloan v. Passman*.

does not have jurisdiction to pass upon the sufficiency of the evidence supporting the judgment of attorneys' fees.

The judgment of the Court of Civil Appeals is, therefore, affirmed.

Concurring Opinion by REAVLEY, J., in which GREENHILL, C. J., joins.

REAVLEY, Justice, concurring.

I agree with the opinion of the Court, but I foresee potential problems with Rule 21c. It should be the policy of the courts ruling upon Rule 21c motions to require the record or application, etc. to be filed *with* the 21c motion—or as soon thereafter as is *possible*, viewing the possibility from the date of filing of the 21c motion.

It is one thing to let the deadline go by through miscalculation or other justifiable excuse; it is another thing for the movant to seek a new deadline thereafter to accommodate his busy schedule. If Rule 21c is used as a motion for continuance and as a device to add weeks to the appellate process, which is already much too protracted, then we may be forced to return to the harshness of *Matlock v. Matlock*, 151 Tex. 308, 249 S.W.2d 587 (1952).

GREENHILL, C. J., joins in this concurring opinion.