**In the Interest of F. F., a Child.**

No. 16935.

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1981.

Rehearing Denied May 28, 1982.

Ray Leach, Legal Aid Ass'n, San Antonio, for appellant.

Bill White, Dist. Atty., Jim Rausch, Asst. Cr. Dist. Atty., J. Michael Putman, San Antonio, for appellee.

Before CADENA, C. J., and KLINGEMAN and ESQUIVEL, JJ.

## OPINION

CADENA, Chief Justice.

Appellants have filed a motion, under Tex.R.Civ.P. 356(b) for extension of time to file an appeal bond, in the case of one appellant, and extension of time to file an

affidavit in lieu of cost bond on appeal, in the case of the other appellant.

The judgment of the trial court is dated May 11, 1981. Appellants timely filed a motion for new trial on June 9, 1981, and that motion was overruled by operation of law on July 27, 1981. In the exercise of the trial court's power over its judgment under Tex.R.Civ.P. 329b(e), the trial court then set a hearing on August 13, 1981, to consider whether the judgment should be set aside. The trial court declined to set aside its judgment on or about August 17, 1981.

Under Rule 356, the bond or affidavit was required to be filed within 90 days after the date the judgment was signed. Therefore, appellants were required to take such action no later than August 10, 1981 (the 90th day, August 9, 1981, was a Sunday). One appellant filed a cost bond on August 21, 1981; the other appellant filed the affidavit in lieu of bond on the same date. On that same date the motion for extension of time was filed in this court.

The motion for extension is based on the fact that the attorney for appellants was laboring under "the mistaken belief that the deadline for perfecting an appeal to [this court] was coextensive with the trial court's jurisdiction to modify, correct or vacate its judgment." The attorney's misconception "resulted primarily from unfamiliarity with the revised rules of procedure substantially altering provisions governing post-trial and appellate practice."

The revised rules were adopted on June 10, 1980, and became effective on January 1, 1981.

■ Appellants correctly point out that prior to January 1, 1981, the period for perfecting an appeal "began only after a motion for new trial was overruled. . . ." But we cannot accept appellants' contention that the time for perfecting an appeal under the pre-1981 version of Rule 356 "did not expire until 20 days after the trial court lost jurisdiction." The plain meaning of "old" Rule 356 was that the appeal had to be perfected within 30 days after rendition of judgment or the overruling of the motion for new trial. The critical date was the date on which the motion for new trial was overruled. The time for perfecting appeal ran from that date, and not from the date that the trial court lost power, to set aside the judgment under paragraph 5 of old Rule 329b.

■ The present Rule 356(a) unequivocally requires that the appeal bond or affidavit be filed "within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed . . . ." In view of the clear language of Rule 356(a), there is no basis for mistakenly relying on present Rule 329b(e), which provides that if a motion for new trial is filed the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until 30 days after the motion for new trial is overruled. Rule 356(a) deals specifically with the question of perfecting an appeal; it has nothing to do with the power of a trial court to set aside or modify its judgment. Rule 329b(2) deals specifically and exclusively with the power of the trial court to set aside or modify its judgment; it has nothing to do with the time for filing a bond or affidavit. Rule 329b(2) appears in section 11 of Part II of the Rules. Part II embodies only the rules of practice in district and county courts, and section 11 contains the rules applicable to the trial of causes in such courts. Rule 356 appears in section 1 of Part III of the Rules. Part III contains only those rules regulating procedure in the intermediate appellate courts, formerly known as the Courts of Civil Appeals, and section 1 of Part II contains only those rules prescribing the steps necessary for the perfection of an appeal.

In *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977), the Supreme Court held that a "reasonable explanation" for failure to comply with the rules prescribing the time at which certain procedural steps must be taken means any plausible statement of circumstances indicating that such failure was not deliberate or intentional, but was the result of inadvertence, mistake or mis-

chance. Appellants contend that their reliance on Rule 329b(e) establishes that the failure to timely perfect their appeal was the result of inadvertence, mistake or mischance and was not deliberate or intentional.

Perhaps it may be conceded that, under some circumstances, a misinterpretation of the rules establishing the times for taking necessary steps to perfect an appeal may be sufficient to establish that a failure to abide by such rules was the result of inadvertence, mistake or mischance. We cannot, however, adopt a rule which forgives lack of knowledge of the applicable rules or accepts all misinterpretations as "plausible statements" which reasonably explain the failure to comply.

Rule 356(a), which deals exclusively with the question of the time within which an appeal must be perfected, unequivocally requires that the appeal bond or affidavit be filed "within thirty days after the judgment is signed, or within ninety days after the judgment is signed if a timely motion for new trial has been filed." This is the only rule regulating the time for such filing. Rule 329b(e), which gives the trial court plenary power to grant a new trial or to vacate, modify, correct or reform its judgment until 30 days after the motion for new trial has been overruled, contains no language which can be construed as referring to the time during which an appeal may be perfected. Rule 329b(e) appears in section 11 of Part II of the Rules of Civil Procedure. Part II contains only rules governing the trial of cases in such courts. Rules 356 appears in section 1 of Part III of the Rules. Part III consists only of rules regulating the procedure in intermediate appellate courts, and section 1 of Part III contains only those rules prescribing the procedures by which an appeal is perfected.

We see no reasonable basis for concluding that Rule 329b(2), which is limited to the power of the trial court over its judgment, in some way modifies or renders ambiguous the clear and explicit language of Rule 356(a) concerning the time during which the appeal must be perfected. There

is no basis for the "mistaken belief that the deadline for perfecting an appeal . . . was coextensive with the trial court's jurisdiction to modify, correct or vacate its judgment." The phrase, "Ninety days after the judgment is signed," cannot be changed, without doing indefensible violence to the language, to "thirty days after the motion for new trial has been overruled."

We accept counsel's explanation that the delay "resulted primarily from unfamiliarity with the revised rules of procedure," but we do not accept unfamiliarity with a simply worded and unambiguous rule as a "reasonable" explanation.

The motion for extension of time to file the appeal bond of appellant, Ismael Florez, and the affidavit in lieu of cost bond of appellant, Ladona Florez, is denied.

In view of our holding concerning the motion for extension of time to file the appeal bond, it is unnecessary to consider the motion to extend the time for filing the transcript and statement of facts. It might be proper, however, to point out certain circumstances in connection with such motion. Under Tex.R.Civ.P. 386, the transcript and statement of facts were required to be filed in this court no later than August 19, 1981. Prior to the tardy filing of the appeal bond and affidavit on August 21, 1981, appellants made no request to the clerk or court reporter to prepare the transcript and statement of facts. If the filing of the appeal bond and affidavit can be considered a request for preparation of the transcript, such request was made after the time for filing had expired. The court reporter was not requested to prepare the statement of facts until August 26, 1981, seven days after the period for filing had expired. Appellants do not assert that they were confused with respect to the period for filing the record, by the provisions of Rule 329b(e) or of any other rule. Nor do they assert that the delay was due to unfamiliarity with the provisions of "revised" Rule 386, which clearly states that in a case where a motion for new trial has been timely filed, the transcript and statement of facts must be filed in this court within 100

days after the judgment is signed. No explanation, reasonable or otherwise, for failure to file the record within the prescribed time is offered.

The appeal is dismissed.