Doris Nell RIEWE, Appellant,

v.

The ESTATE OF Edna Josephine GOSLIN, et al., Appellees.

Nos. 17702, 17731, 17738 and 17772.

Court of Appeals of Texas, Austin.

April 22, 1982.

Robert L. Peacock, Austin, for appellant.

David C. Duggins, Clark, Thomas, Winters & Shapiro, J. Travis Blakeslee, Minton,

Burton, Foster & Collins, Austin, for appellees.

PER CURIAM.

Although appellant did not file the transcript within 100 days after signing of judgment required by Tex.R.Civ.P. 386, she did file a "Motion for Extension of Time" to file the transcript within the time permitted by Tex.R.Civ.P. 21c. Appellant's alleged "reasonable explanation" under Rule 21c for the late filing was that she desired to appeal only one conclusion of law in the judgment, and thus attempted to have opposing counsel agree to limit the documents included in the transcript as permitted by Tex.R.Civ.P. 375.

In response, appellee maintained appellant had the duty of directing the clerk to prepare a transcript regardless of any agreement between the parties and appellant's delay in requesting the clerk to proceed was unreasonable.

On March 3, 1982 this Court overruled appellant's motion for extension of time. Subsequently, appellee filed a motion to affirm on certificate pursuant to Tex.R. Civ.P. 387. Appellant then filed a motion for rehearing, and submitted an amended affidavit detailing appellant's dealings with the county clerk. The probate court's judgment was signed on October 22, 1981. Approximately one month later, on November 19, 1981, appellant requested opposing counsel to limit the transcript. Appellant then notified the county clerk of the proposal to limit the transcript and the clerk apparently delayed preparation of the transcript until she learned whether the parties had agreed to the limitation. The parties were unable to agree, and on January 26, 1982, six days before the expiration of appellant's time to file the transcript, appellant requested the clerk to prepare a full transcript to transmit to this Court.

On motion for rehearing, this Court has determined appellant has offered a reasonable explanation for her failure to timely file the transcript. While appellant's effort to shorten the transcript is commendable, she had the duty to keep herself informed as to the status of her proposal to opposing counsel so that the clerk could prepare the transcript in the event appellee did not agree to the limitation of the transcript. As previously stated, the clerk has postponed preparation of the transcript because of the proposed agreement, and resumed preparation only after she was notified by appellant six days prior to the Rule 386 deadline that a complete transcript should be prepared.

Although appellant should have directed the clerk to prepare a full transcript at an earlier date so as to avoid delay, this Court concludes appellant's failure to timely file the transcript was not intentional or the result of conscious indifference. Appellant has offered a plausible statement of circumstances which reasonably explain her inaction. *See Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).

Appellant's motion for rehearing is granted and she will be permitted to file her transcript. Appellee's motion to affirm on certificate is accordingly overruled.