

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00466-CV

PEGGY SUE ALLEN                                                        APPELLANT

V.

BEVERLY A. HINZE                                                        APPELLEE

----------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Peggy Sue Allen attempts to appeal from a trial court judgment for damages based on a jury verdict. The judgment was signed on September 17, 2013, and appellant filed a timely motion for new trial. Although her notice of appeal was due December 16, 2013, it was filed in the trial court on

---

[1]*See* Tex. R. App. P. 47.4.

December 31, 2013. The same day, appellant filed a motion to extend the time to file the notice of appeal with this court.

In her motion to extend, under the heading, "Facts Relied on to Reasonably Explain the Need for an Extension," appellant states,

> Plaintiff/Appellant filed a Motion for New Trial on October[ ]14, 2013. A hearing on Plaintiff's Motion for New Trial was heard on December 11, 2013 and was denied on December 17, 2013, which was within the plenary power of the Court but after the 90 day deadline for filing a Notice of Appeal. The fifteen day extension for filing a Notice of Appeal occurs on December 31, 2013.

Appellant also informed this court in response to a letter inquiring about our jurisdiction that she

> set her motion for [new trial] for hearing on the Court's first available date, November 20, 2013. Notice of the hearing was provided to opposing counsel on November 12, 2013. At the time the motion was set with the court coordinator in the trial court, this was the only date that was available prior to the time the motion would be overruled by operation of law on December [2], 2013.
>
> When opposing counsel received notice of the hearing, he contacted Appellant's counsel and advised that he had conflicts on the date scheduled for the hearing and that he had no other attorneys he could call upon to handle the hearing. Given Appellee's counsel's conflicts, and after much discussion with the trial court coordinator, it was agreed that the Motion for New Trial would be heard on December 11, 2013 while the Court retained plenary power. Rather than ruling on the motion at the time of the hearing, the trial court took the matter under advisement and signed the Order Denying the Motion for New Trial on December 17, 2013. The trial court retained plenary power to amend or set aside the Judgment until December 31, 2013.
>
> Because the Notice of Appeal was filed more than 90 but less than 105 days after the date the Judgment was signed and while the Court still retained plenary power, Appellant filed her Motion to

2

Extend the Time to file her Appeal contemporaneously with the filing of the Notice of Appeal. . . .

In summary, because [of] the difficulty in scheduling the hearing on Appellant's Motion for New Trial which resulted in the order denying said motion being filed more than 90 days after the Judgment was entered in this case, Appellant has shown good cause for the late filing of her Appeal, which was filed within the time the Court retained plenary power.

We may extend the time to file a notice of appeal if, within fifteen days after the due date, the party files the notice of appeal and a motion reasonably explaining the need for an extension of time to file the notice of appeal. Tex. R. App. P. 10.5(b)(1)(C), (2)(A), 26.3. "[A] reasonable explanation is 'any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). Because of the liberal standard of review in these cases, "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." *Id.* at 887. Thus, appellate courts have treated as unreasonable explanations that indicate an appellant's conscious or strategic decision to delay filing a notice of appeal because such explanations did not demonstrate inadvertence, mistake, or mischance. *See, e.g., Morris v. Frost Nat'l Bank*, No. 02-11-00058-CV, 2011 WL 1532391, at *1 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.).

It appears from appellant's motion that she did not timely file her notice of appeal because she was waiting on the trial court to hold a hearing and rule on

3

her motion for new trial. Nowhere does she indicate that she missed the filing date inadvertently or because of "mistake or mischance." Thus, her explanation suggests that she was aware of the deadline but consciously chose to ignore it. *See, e.g.*, *Zee TV USA, Inc. v. Regency Ctrs., L.P.*, No. 05-10-01297-CV, 2011 WL 47185, at *1 (Tex. App.—Dallas Jan. 7, 2011, no pet.) (mem. op.); *Crossland v. Crossland*, No. 05-06-00228-CV, 2006 WL 925032, at *2 (Tex. App.—Dallas Apr. 11, 2006, no pet.) (mem. op.) ("Similarly, in this case, appellant has made a conscious decision to ignore the appellate timetable in favor of the trial court's jurisdictional timetable. Courts have repeatedly held as unreasonable and noncompliant explanations that reflect appellant's awareness of the deadline for filing a timely notice of appeal but a decision to ignore it.").

Because appellant has failed to provide a reasonable explanation of the need for an extension of time to file her notice of appeal, we deny her motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 10.5(b)(1)(C), (2)(A), 26.3, 43.2(f); *Zee TV USA*, 2011 WL 47185, at *1.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: February 27, 2014

4