NO. 07-04-0315-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 18, 2004



______________________________




KERWIN GIBBS, APPELLANT



V.



ALLSUP ENTERPRISES, INC., APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A33080-0310; HONORABLE ROBERT KINKAID, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 Kerwin Gibbs appeals from an adverse summary judgment. Determining that he did
not reasonably explain the need for an extension of time to file his late-filed notice of
appeal, we dismiss for want of jurisdiction. 


 The 64th District Court of Hale County granted summary judgment in favor of
Allsup's Enterprises, Inc., and against Kevin Gibbs. Gibbs filed a motion for new trial which
was overruled as a matter of law. He filed his notice of appeal late, but within 15 days after
the deadline for filing the notice. See Tex. R. App. P. 26.3. (1) Accompanying the late-filed
notice of appeal was a motion to enlarge time for filing of notice of appeal which we
deemed to be a motion for extension of time to file the notice of appeal. Pursuant to
direction of the court, Gibbs filed further documentation explaining his need for an
extension of time. See Verburgt v. Dorner, 959 S.W.2d 615, 617-18 (Tex. 1997).

 Gibbs' explanation for failing to timely file his notice of appeal is that his attorney
was waiting to review the trial court's order overruling his motion for new trial, after which
his attorney was to confer with him and a final decision would be made about whether to
appeal. The trial court, however, did not enter an order overruling the motion for new trial. 

 Gibbs does not set out facts as to when he and his attorney made the final decision
to appeal. It is apparent from his motion to enlarge time for filing notice and subsequently-filed affidavit from his attorney, however, that once a final decision to appeal was made,
the notice of appeal was filed. 

 A "reasonable explanation" for needing an extension of time to file notice of appeal
includes any plausible statement of circumstances indicating that the late filing was not
deliberate or intentional, but was the result of inadvertence, mistake, or mischance. See
Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). If the decision to delay
filing notice of appeal until after the appropriate deadline was a deliberate or intentional
decision, we may not extend the time for filing a notice of appeal, and we must dismiss for
want of jurisdiction. See Garcia, 774 S.W.2d at 670; Meshwert v. Meshwert, 549 S.W.2d
383, 384 (Tex. 1977); Kidd v. Paxton, 1 S.W.3d 309, 310 (Tex.App.--Amarillo 1999, pet.
denied).

 Filing of Gibbs' notice of appeal was intentionally delayed until a final decision had
been made to appeal. Such circumstances do not comprise a reasonable explanation for
needing an extension of time for filing notice of appeal. See Garcia, 774 S.W.2d at 670;
Meshwert, 549 S.W.2d at 384; Kidd, 1 S.W.3d at 310.

 The appeal is dismissed for want of jurisdiction. 


 Per Curiam 
1. "" 



e found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d
154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v. State, 28 S.W.3d
570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror,
but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere
modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. The
elements of indecency with a child are engaging in sexual contact with a child under 17
years of age who is not the spouse of the person. Tex. Pen. Code Ann. § 21.11(a)(1)
(Vernon Supp. 2002). As relevant here, sexual contact is defined as "any touching by a
person, including touching through clothing, of the anus, breast, or any part of the genitals
of a child" committed with the intent to arouse or gratify the sexual desire of any person.
§ 21.11(c)(1). 

 Without challenging the evidence that he touched the girls' "private parts," appellant 
asserts that the evidence is insufficient to establish that he intended to arouse or gratify
his sexual desire. Intent to arouse or gratify sexual desire can be inferred from conduct,
remarks, or all the surrounding circumstances. Robertson v. State, 871 S.W.2d 701, 705
(Tex.Cr.App. 1993), cert. denied, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994). 
Further, an oral expression of intent is not required. C.F. v. State, 897 S.W.2d 464, 472
(Tex.App.-El Paso 1995, no pet.).

 Appellant's argument centers on conflicting evidence of whether he made a threat
to one girl to keep her quiet and the absence of any threat to the other girl. However, in
determining the legal sufficiency of the evidence to show intent, and faced with a record
that supports conflicting inferences, we must presume-even if it does not affirmatively
appear in the record-that the trier of fact resolved any such conflicts in favor of the
prosecution and must defer to that resolution. Matson v. State, 819 S.W.2d 839, 846
(Tex.Cr.App. 1991); Couchman v. State, 3 S.W.3d 155, 163 (Tex.App.-Fort Worth 1999,
pet. ref'd). O.G. and J.R. shared a bedroom with other siblings. O.G. testified that
appellant touched her breasts and "middle parts down there" while she was in bed. She
claimed that the touching occurred at night while her mother was asleep. J.R. also
testified that appellant touched her private parts while she was in bed. While testifying she
indicated that her "private parts" referred to her breasts and genital area. Both girls
reported the touching to their mother and testified that their mother and appellant fought
over the incident. 

 The record contains conflicting evidence regarding the frequency of the incidents. 
According to the interview between Caseworker Perkins and J.R., appellant touched her
one time. However, when J.R. testified she answered in the affirmative when asked if she
had been inappropriately touched more than once. O.G. testified that the touching began
in October 1998 and probably occurred more than five times before it was reported on
January 1, 1999. We must presume the jury resolved any conflicting inferences in favor
of the prosecution and thus, we find the evidence is legally sufficient to establish the
element of intent to gratify his sexual desire. 

 Concluding that the evidence is legally sufficient to support the verdict, we must
now determine, after a neutral review of all the evidence, whether it is factually sufficient
to support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive province of the fact
finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v.
State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 Appellant does not refer us to any evidence, and we have found none, indicating
that his contact with the girls' "private parts" was necessary or accidental. Thus, the jury
was free to infer that appellant touched O.G. and J.R. with the intent to gratify or arouse
his sexual desire. Under this record we conclude, after a neutral review of all the evidence
and without substituting our own judgment, that the evidence is factually sufficient to
support the element of intent to gratify appellant's sexual desire. Appellant's second issue
is overruled.

 By his third issue, appellant contends the trial court erred by not sua sponte
providing the jury a limiting instruction regarding extraneous offenses during the
guilt/innocence stage. We disagree. Evidence of acts of domestic violence committed
by appellant and an arrest for forgery was offered and admitted without objection during
the guilt/innocence phase. Citing Huizar v. State, 12 S.W.3d 479 (Tex.Cr.App. 2000),
appellant contends that no request for a limiting instruction nor an objection was required
to present his contention on appeal. Although Huizar holds that no objection or request
is required in order for the trial court to instruct the jury, it is not controlling for two reasons. 
First, evidence of appellant's extraneous conduct was presented during the guilt/innocence
phase. Huizar discusses the requirement of a reasonable-doubt instruction in the
punishment charge in relation to section 3(a) of article 37.07 of the Texas Code of Criminal
Procedure entitled "Evidence of prior criminal record in all criminal cases after a finding of
guilty." (Emphasis added). Because appellant had not yet been found guilty when the jury
charge was given during the guilt/innocence phase, a reasonable-doubt instruction
regarding extraneous offenses was not required where no objection was made or request
for a limiting instruction made at the time the evidence was offered. See White v. State,
999 S.W.2d 895, 901 (Tex.App.-Amarillo 1999, pet. ref'd), citing George v. State, 890
S.W.2d 73, 76 (Tex.Cr.App. 1994); cf. Hammock v. State, 46 S.W.2d 889, 893-94
(Tex.Cr.App. 2001) (holding that a request for a limiting instruction is required at the time
extraneous evidence is offered during the guilt/innocence phase to avoid consideration of
the evidence by a jury in an inappropriate manner). Second, because appellant elected
to have punishment assessed by the trial court, no punishment charge was required and
the question regarding the necessity of a reasonable-doubt instruction became moot. 
Issue three is overruled.

 By his final contention, appellant asserts he was denied effective assistance of
counsel due to numerous errors and omissions. We disagree. Specifically, appellant
faults trial counsel for:


 failing to conduct an independent investigation of the case and
interview witnesses;
 failing to obtain notice of intent to use, object to, or request a limiting
instruction on extraneous offenses;
 failing to properly object to the alleged "outcry";
 failing to introduce a letter written by J.R.;
 failing to inform him of the possibility of the sentences running
consecutively which prevented him from knowingly declining a plea
offer of five years; and
 being ineffective by the cumulative effect of the numerous errors.


 

To establish ineffective assistance of counsel, appellant must show that (1) counsel's
performance was deficient (i.e., fell below an objective standard of reasonableness), and
(2) there is a reasonable probability that but for counsel's deficient performance, the result
of the proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); (1) Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App. 1986).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Garcia v. State,
887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368,
131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to
reasonably effective counsel, it does not guarantee errorless counsel whose competency
or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d
503, 509 (Tex.Cr.App. 1984); see also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App.
1993). A strong presumption exists that defense counsel's conduct falls within a wide
range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct. at 2064, 80
L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), cert. denied,
529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of
ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615
S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption
that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877
S.W.2d 768, 771 (Tex.Cr.App. 1994). After proving error, a defendant must also
affirmatively demonstrate prejudice. Garcia, 887 S.W.2d at 880. Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id.

 Trial counsel testified at a hearing on a motion for new trial. He explained that he
was unable to interview O.G, J.R., or their mother because according to appellant "they
were on the run" and could not be located. The record supports counsel's explanation
because the mother spent time in south Texas and time in jail while the girls moved from
one relative to another. O.G. and J.R. resided in Kansas for a period of time and upon
returning to Texas lived in several different places. Counsel further explained that he did
not interview Officer Davis or the caseworkers because he already had their official
reports.

 Counsel filed several pretrial motions; however, he could not say that it was sound
trial strategy not to request a Rule of Evidence 404(b) motion on extraneous offenses. He
did testify that after researching the statute under which appellant was indicted, he
determined the court's charge was not objectionable. Assuming, arguendo, that counsel's
failure to object to the charge constituted deficient performance, appellant has not
affirmatively demonstrated prejudice.

 Regarding counsel's failure to object to the alleged outcry, article 38.072 of the
Texas Code of Criminal Procedure Annotated (Vernon Pamph. Supp. 2002), provides that
an outcry statement is not inadmissible under the hearsay rule if it is made by the child
victim to the first person other than the defendant, and the child testifies or is available to
testify. Here, the State gave the required statutory notice of its intent to offer O.G.'s and
J.R.'s hearsay statements through the testimony of the caseworkers. However, the record
establishes that O.G. and J.R. first told their mother of the alleged abuse. Therefore, the
caseworkers were not proper outcry witnesses and trial counsel should have objected to
their testimony based on article 38.072. Relying on Hollinger v. State, 911 S.W.2d 35, 39
(Tex.App.-Tyler 1995, pet. ref'd), the State asserts that Caseworker Perkins was in fact
a proper outcry witness because she was the first person whom O.G. and J.R. told of the
abuse in "a discernable manner." Hollinger, however, is not controlling because it involved
a three-year old victim who was not competent or available to testify. O.G. was ten and
J.R. was 12 at the time of the abuse and both testified at trial. We find that trial counsel's
performance was deficient for failing to object to the outcry witnesses, but hold that
appellant has not satisfied the second prong of Strickland which requires a showing of
prejudice from counsel's error.

 Appellant asserts that counsel's performance was deficient by failing to introduce
an undated letter written by J.R. to a boyfriend which could have shown "the imagination
aspect of the victim." Counsel testified that he thought "long and hard" about the letter, but
in his opinion, it was inadmissible. When a defendant alleges a claim of ineffectiveness
for failure to make an offer of proof, he still carries the burden of making a Strickland
showing that is firmly founded in the record. Francis v. State, 801 S.W.2d 548, 552
(Tex.App.-Houston [14th Dist.] 1990), pet. ref'd per curiam, 805 S.W.2d 474 (Tex.Cr.App.
1991). Other than an allegation in his appellate brief, appellant has not established how
failure to introduce the letter prejudiced him. 

 Appellant contends he was not informed by trial counsel of the possibility of his
sentences running consecutively which prevented him from knowingly declining a plea
offer. At the hearing on the motion for new trial counsel testified that he and appellant did
not discuss the possibility of the sentences being stacked. When questioned whether he
knew that stacking could result, counsel candidly conceded that he had not researched the
law and was unaware of it. We find that counsel's failure to advise his client of the
possibility of confinement for up to 40 years when a plea offer of five years was offered fell
below an objective standard of reasonableness.

 Having determined that counsel's performance was deficient, we must decide
whether but for counsel's error, the result of the proceeding would have been different.
Appellant was charged with a second degree felony punishable by two to 20 years
confinement. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 2002) and §12.33(a)
(Vernon 1994). Trial counsel testified that appellant declined to plead guilty. Convicted
on two separate counts of indecency with a child, the trial court imposed only ten years for
each count, resulting in a total of 20 years confinement, which is the maximum sentence
for one count on a second degree felony. Appellant did not testify at the hearing or
present any evidence that he would have accepted the five-year plea offer had he known
of the possibility of consecutive sentences that might have resulted in a total of 40 years
confinement. We find that appellant has failed to satisfy the second prong of Strickland
which requires a showing of prejudice. 

 Appellant contends by his final claim of ineffective assistance that the cumulative
effect of counsel's errors compel a holding that he was denied effective assistance of
counsel. We disagree. Reviewing counsel's performance based on the totality of his
representation rather than by isolated acts or omissions, we find that appellant was not
denied reasonably effective counsel. Trial counsel, who was not appellant's first appointed
counsel, met with him on at least three different occasions prior to trial. He filed several
pretrial motions, conducted an investigation, and through cross-examination of witnesses
at trial, advanced a defense to show that O.G. and J.R. disliked appellant and had
conjured up the accusations of abuse so that their mother would leave him. Although we
find that trial counsel's representation was not errorless, all that is required is a right to
reasonably effective counsel. Ingham, 679 S.W.2d at 509. Appellant's first issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).